# Memorandum

United States Attorney's Office
Eastern District of California



| | | | |
|---|---|---|---|
| Subject: | *United States v. Matthew Muller*<br>**2:15-cr-205 TLN**<br><br>**Change of Plea Procedure** | Date: | **September 27, 2016** |
| To: | **Hon. Troy L. Nunley**<br>**U.S. District Judge** | From: | **Matthew D. Segal**<br>**Heiko P. Coppola**<br>**Assistant U.S. Attorneys**<br>**U.S. Attorney's Office**<br>**Eastern District of California** |

    This case is set for change of plea.  The Government submits this memorandum to advise the Court that there is evidence that the Defendant has had mental problems in the past and is currently medicated.  The Government therefore requests that as part of the Rule 11 proceeding, the Court make detailed inquiry into the nature and current effects of the Defendant's mental condition(s) and medications.

    "Every circuit that has considered the issue agrees the district court has some additional duty to follow up with the defendant upon learning the defendant is under the influence of some medication or substance."  *United States v. Carter*, 795 F.3d 947, 952 (9th Cir. 2015).  According to the Ninth Circuit,

> These cases all suggest the same conclusion -- if a district court learns that a defendant is under the influence of some medication, it has a duty to determine, at a minimum, what type of drug the defendant has taken and whether the drug is affecting the defendant's mental state. When determining whether there is any effect on defendants, district courts may rely on defendants' answers to their inquiries as well as their observations of defendants during the hearing.  District courts may also consider a defendant's medical history, including the defendant's history of mental illness.  And while it may be helpful to look at the dosage and specific names of medications, this is not required.

*Id.* at 954–55 (citations omitted).

In this case, the Government asks that the Court's inquiry be as comprehensive as possible and include questioning about the specific names and dosage amounts of any medication the Defendant has taken in the preceding week.  This may not be legally necessary, but it will be helpful in promoting the purposes of Rule 11.  Here, for the Court to accept his plea, Muller must not only be competent to understand the proceedings, but he must actually understand the proceedings and the rights he is giving up in his plea.  *See Deere v. Cullen*, 718 F.3d 1124, 1145 n.12 (9th Cir. 2013).  "A defendant's mental status is central to [knowingness and voluntariness] inquiries; a defendant's impaired mental or emotional capacity can interfere with his ability to understand what he is being told and to exercise rational choice."  *United States v. Pattee*, 820 F.3d 496, 508 (2d Cir. 2016).  The inquiry will also produce an important record.  "[Rule 11] is intended to produce a complete record at the time the plea is entered of the factors relevant to [the] voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas."  *McCarthy v. United States*, 394 U.S. 459, 465 (1969).

A mentally unwell person may be capable of entering a valid plea.  A defendant competent to stand trial is also competent to plead guilty.  *See Godinez v. Moran*, 509 U.S. 389, 398 (1993).  The competency "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402, 402 (1960).  "Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel. While psychiatrists and scholars may find it useful to classify the various kinds and degrees of competence . . . the Due Process Clause does not impose these additional requirements."  *Id.* at 402.

But, ultimately, for any plea to be valid, "Due process requires a defendant's guilty plea to be 'equally voluntary *and* knowing,' and such plea must reflect "an intentional relinquishment or abandonment" of his privilege against self incrimination, his right to trial by jury, and his right to confront his accusers."  *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1062 (9th Cir. 2011), quoting *McCarthy*, 394 U.S. at 466 (emphasis added).