THOMAS A. JOHNSON, #119203
KRISTY M. Kellogg, #271250
Law Office of Thomas A. Johnson
400 Capitol Mall, Suite 1620
Sacramento, California 95814
Telephone: (916) 422-4022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>MATTHEW MULLER,<br>        Defendant. | Case No.: 2:15-cr-00205-TLN<br><br>DEFENDANT'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM<br><br>Date:  March 16, 2017<br>Time:  1:30 p.m.<br>Judge:  Hon. Troy L. Nunley |

## I – REPY TO GOVERNMENT'S SENTENCING MEMORANDUM

**A.**     **<u>Paragraphs 84 to 88 Are Irrelevant and Should Not Be Considered.</u>**

The PSR included a section titled, "Offense Behavior Not Part of Relevant Conduct." PSR ¶ 83 – 88. The PSR references a series of burglaries that occurred in Mountain View in 2009, Palo Alto in 2009, and Palo Alto in 2012. *See* PSR ¶ 84 to 88. The use of these previous crimes in order to ask that Mr. Muller be sentenced to 40 years is untimely and unfair. Mr. Muller was never charged by any prosecuting agency for any of those events. Furthermore, the facts contained in the PSR at paragraphs 84 to 88 are so thin on identity of the perpetrator that they are simply irrelevant.

We understand the Court has great breadth when considering information about the defendant. 18 U.S.C. § 3661. This is not just uncharged or acquitted conduct, this is conduct where Mr. Muller was simply a suspect. The reports indicate there was DNA evidence collected, fingerprints and other forensic evidence. Yet Mr. Muller has never

1  been arrested, much less charged and some of these acts are still within the statute of
2  limitations.  The greater problem with the Government's position on paragraphs 84 to 88
3  is that the acts are hugely prejudicial with the thinnest veneer of relevance.  On balance,
4  they skew the entire PSR and make it unfair and, if considered, violate Mr. Muller's Sixth
5  Amendment rights.

6       Preponderance of the evidence standard may be used in determining the existence
7  of factors enhancing a sentence under the Sentencing Guidelines without violating due
8  process. United States v. Restrepo, 946 F.2d 654, 656 (9th Cir. 1991). When a sentencing
9  factor has an extremely disproportionate effect on the sentence relative to the offense of
10 conviction, due process requires that the government prove the facts underlying the
11 enhancement by clear and convincing evidence. United States v. Jordan, 256 F.3d 922,
12 926 (9th Cir. 2001).

13      The Government cannot meet this burden of proof with respect to the uncharged
14 burglaries even at the lowest standard.  The Government has chosen to use uncharged
15 conduct that is not even conduct that "occurred during the offense of conviction."  United
16 States v. May, 706 F.3d 1209, 1213 (9th Cir. 2013). It is not conduct they sought under
17 criminal history.  Mr. Muller was not arrested for those crimes.

18      In the Government's Sentencing Memorandum, the Government argues, "Real
19 conduct sentencing holds defendants accountable for charged, uncharged,
20 and even acquitted conduct that occurred during the offense of conviction. *See* United
21 States v. May, 706 F.3d 1209, 1213 (9th Cir. 2013)." ECF Doc. No. 54, p. 2, ln 14-16.
22 Although the Government would like the Court to consider these offenses as "real
23 conduct," the case law dictates that the Court's inquiry on uncharged conduct still must
24 be conduct that "occurred during the offense of conviction." May, 706 F.3d at 1213.

25      The Government conflates the fact that we did not formally object to paragraphs
26 84 – 88 with their suspicion that Mr. Muller committed these acts in order to conclude
27 that he did commit those acts.  However, we objected to this information informally and
28 we do so here again.

2

None of the alleged crimes in this section of the PSR were part of the offense conduct in this case. While Mr. Muller was a person of interest, he was not charged with the crimes, nor does it appear he was arrested. DNA was left at the scene that was believed to be the suspect's and we believe this DNA was compared to Mr. Muller's and he was excluded as match. Therefore, the Court should not consider this information when determining Mr. Muller's sentence. We urge the Court to consider again United States v. Booker, 543 U.S. 220 (2005). The purpose of Booker was to bring our sentencing system closer to the constitutional parameters of the Sixth Amendment. United States v. Allen, 488 F.3d 1244 (10th Cir. 2007).

**B.      There is Ample Evidence of Mental Illness in Connection to this Crime**

Since the Government did not object to the inclusion of paragraphs 114 to 125 regarding Mr. Muller's mental illness, those facts become set in stone. United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). His mental illness began while he was attending Pomona College. Records reviewed for the PSR show Mr. Muller suffered from paranoia, a break with reality, depression, anxiety, suicidal ideation, mania, and bipolar disorder. This information was obtained from records from Harvard, the Veteran's Affairs, and Sacramento County Jail. His mental illness persisted for 15 years and the PSR is replete with information on his mental health history.

## II – CONCLUSION

We would ask that the Court considers the factor in 18 U.S.C. § 3553(a) in light of these objections and recommends sentence of 360 months (30 years).

Dated: March 15, 2017

Respectfully Submitted,

 /s/   Thomas A. Johnson
THOMAS A. JOHNSON
Attorney for Matthew Muller