Matthew Muller
P.O. BOX 2563
San Francisco, CA 94126-2563
matt@projectjusticeforall.org
Pro Se



FILED

NOV 13 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-0205-TLN-EFB |
| Respondent, | **MOVANT'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |
| v. | |
| MATTHEW MULLER, | |
| Movant. | |

Movant Matthew Muller submits the following objections to the magistrate judge's Findings and Recommendations, ECF No.65; *see* also ECF Nos. 66, 67, 70, 72 (Movant's requests for additional time in which to file objections, and orders granting the requests). As November 10, 2018, falls on a Saturday, these objections are timely filed under the Court's October 11 order granting a 30-day extension from that order's date.

Movant requests that the Court (1) sustain his objections, (2) find that the motion does not "plainly appear [ ]" to lack all merit, (3) order Respondent to answer Movant's First Amended Motion Under 28 U.S.C. §2255 in its entirety, (4) order production of a transcript of the September 29, 2016, change of plea hearing (ECF No. 39) and (5) refrain from ordering Movant's counsel to file an affidavit until appropriate protections are in

place, which protections will be sought separately in a motion filed no later than November 23, 2018.

## MOVANT'S FIRST OBJECTION

### Overly Searching Preliminary Review in Excess of Court's Role and Authority

Rule 4 of the Rules Governing §2255 Proceedings calls for a preliminary review in which "<u>the motion</u>" is surveyed, and "[i]f it plainly appears from <u>the motion</u>... that the moving party is not entitled to relief, the judge must dismiss <u>the motion</u>...." "Emphasis added". The rule's language tracks that of 28 U.S.C. §2255.

The plain text of both the rule and the statute establish "the motion" as the unit of analysis for the preliminary review. The Court may not deviate *sua sponte* from what this unit of analysis and the "plainly appears" language indicate is essentially an overall review for frivolousness. The magistrate recommends just such a deviation. This recommendation is contrary to the rule and statute's plain language, establishes by judicial fiat an overly searching pre-screening mechanism that Congress did not intend and is a corruption of the Court's ordinary role of neutral arbiter.

It is plain from the overall statutory scheme and from the 1996 amendments to the statute that if Congress wished to create an issue-by-issue screening mechanism for postconviction motions, it knew how to do so. The same Act adding the language at issue also created a "certificate of appealability" procedure, Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. That procedure calls for the disaggregation of appealed motions into individual issues to be screened and certified for full review by the Court of Appeals. *See* 28 U.S.C §§2253,

2255. This marked a change from the previous scheme, in which an appeal was screened as a whole. Unless lacking all merit, the appeal would proceed upon a "certificate of probably cause" allowing full review of the appeal as a whole.

Congress addressed the screening of §2255 motions at both the trial court and appellate levels in AEDPA. It elected to create an issue-by-issue screening mechanism only at the appellate level. The next year, Congress again visited the issue of screening prisoners' claims prior to answer by the opposing party and to full review by the court. *See* Prison Litigation Reform Act of 1997 (PLRA), Pub. L. No. 104-134, 110 Stat 1321. It enacted a scheme allowing dismissal of individual claims for relief by prisoners, and providing that the opposing party would answer only the remaining undismissed claims. *See* 28 U.S.C. §1915 (d) and (e). But Congress did not extend this claim-by-claim prescreening approach to initial postconviction motions.

It would be inapt and ill-advised for the Court now to create such a pre-screening mechanism by judicial fiat. "In our adversary system.., we follow the principle of party presentation, that is, we rely on the parties to frame the issues for decisions and assign to the courts the role of neutral arbiter...." *Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008); *see also Wood v. Milyard*, 566 U.S. 463 (2012). Absent a specific congressional directive to the contrary, it is the court's traditional role to hold the scales of justice, and not to lay a heavy hand upon one side or the other. Indeed, "[t]o the extent courts have approved departures from the party presentation principle... the justification has usually been to protect a *pro se* litigant's rights." *Greenlaw*, 554 U.S. at 244 (citing *Castro v. United States*, 540 U.S. 375, 381 (2003)).

To the extent that the law calls upon courts to depart from the adversarial model and screen claims even before their presentation to the opposing party. They should go no further than what the applicable statute requires. *See, e.g., Jones v. Bock*, 549 U.S. 199, 214 (2007) (specifying that when courts are required to affirmatively screen claims, they should deviate no further from their traditional practice than what is strictly required by the screening provision). To do otherwise risks prematurely extinguishing claims asserting grounds for relief that may appear likely to fail under then-prevailing law, but that may at a higher level be sustained. *See, e.g., Class v. United States*, No. 16-424, __U.S. __, slip opinion at 3-11 (2018) (reversing decisions below and holding that a guilty plea, by itself, does not bar a defendant's later challenge to the constitutionality of the statute of conviction). It is particularly important that courts depart no further from the party presentation model than a screening law requires, when even properly enacted screening laws have been found to raise serious constitutional issues. *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490-93 (11th Cir. 1997) (Lay, J., concurring) (arguing that the 28 U.S.C. §1915 (e) screening mechanism violates prisoners' rights to equal protection and access to the courts). In addition, judicial economy savors a less searching motion review, as a thorough screening mechanism effectively foists upon the judiciary work that is properly the provenance of the executive.

In light of the foregoing and of the magistrate's findings that at least some of Movant's claims clear preliminary review, Movant submits that the Court may sustain this objection, order Respondent to answer the §2255 motion in its entirety, and need read no further in this filing.

# MOVANT'S SECTION OBJECTION

## Improper Assertion of Contractual Appeal Waiver Term by Nonparty to Agreement; Arrogation of Respondent's Prosecutorial Discretion

The Findings and Recommendations asserts that a waiver provision included in Movant's plea agreement "prevent[s] this court from reviewing [many] of Muller's claims..." ECF No. 65 at 6. However, that agreement prominently specifies that the "Court [is] Not a Party" to its terms. ECF No. 43 at 1. Given that such plea agreements are construed and applied according to general principles of contract law, only Respondent and not the court may invoke this waiver provision.

As discussed further in the previous objection, it is well-established that "[courts] do not, or should not, sally forth" to reach issues not yet presented by the parties. *Greenlaw*, 559 U.S. at 244 (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987)). That is because "[c]ounsel almost always know a great deal more about their cases than we do, and this must be particularly true for the United States, the richest, most powerful and best represented litigant to appear before us." *Id.* Indeed, Respondent may elect not to enforce the waiver provision at all. *E.g. United States v. Carrasco - De - Jesus*, 589 F.3d 22 (1st Cir. 2009) (government affirmatively disclaimed any invocation of an appeals waiver provision in the defendant's plea agreement). The magistrate's recommendation that the Court anticipate Respondent's assertion of the waiver robs the United States of its prosecutorial prerogative not to do so. Such a choice is possible in this case, given that the U.S. Attorney's proper "interest... in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935).

Accordingly, Movant's objection should be sustained any invocation of the plea agreement waiver provision left to Respondent.

## MOVANT'S THIRD OBJECTION

**Claims Recommended for Dismissal Were Not Asserted Only As Independent Grounds For Relief And Are Not Disposed of By the *Tollett* Rule**

The magistrate Judge asserted that "[t]he bulk of Muller's claims for relief are barred by his guilty plea...." ECF No. 65 at 6 (citing *Tollett v. Henderson*, 411 U.S. 258 (1973)). However, the magistrate mistakes that "Tollett rule" for a categorical bar to the assertion of any pre-plea procedural defect as grounds for relief. In fact, *Tollett* at most provides that such defects "are not themselves independent grounds for federal collateral relief." *Tollett*, 411 U.S. at 266. This rule is far from absolute. *See, e.g., Class v. United States*, 138 S. Ct. 798, 800 (2018) (guilty plea alone does not waive right to challenge constitutionality of statute of conviction); *United States v. Jacobo Castillo*, 496 F.3d 947, 955 (9th Cir. 2007).

The claims cited as subject to dismissal under Tollett were not asserted by Movant solely as independent grounds for relief. Rather, they are also asserted as relevant to the issue of whether Movant's plea was voluntary and intelligent, whether counsel's performance fell below an objective standard of reasonableness, and whether counsel's errors prejudiced Movant. Pre-plea defects may be refracted through claims that a plea was not knowing, voluntary and intelligent and through ineffective assistance of counsel claims. *See, e.g, United States v. Villalobos*, 333 F.3d 1070, 1077 (9th Cir. 2003) (defective plea); *Moore v. Czerniak*, 574 F.3d 1092, 1131 (9th Cir. 2009) (ineffective assistance of counsel).

Movant's amended §2255 filing makes clear that all claims are asserted not only as independent grounds for relief, but also as relevant to the issues noted above. Accordingly, Movant's objection should be sustained

## MOVANT'S FOURTH OBJECTION

### Noncompliance With Local Rule Requiring Service of Unreported Decisions Upon Movant

Eastern District of California Local Rule 133 (*i*) (3) (ii) provides that any unreported case cited in a filing must be served in hard copy upon an incarcerated pro se litigant. The magistrate's Findings and Recommendations cited five such decisions. Movant attempted to obtain them from his institution's paper request-based research contractor. However, that contractor use only Westlaw databases and the citations were to the proprietary Lexis system. Movant attempted to explain on paper how the decisions could nevertheless be located using the court information, docket number and decision date. However, he received in reply only memoranda stating that he did not provide a proper citation for locating the decisions. In addition, the magistrate cited one decision, *United States v. Ratigan*, without providing any citation at all. *See* ECF No. 65 at 8 n,5.

Movant was unable to review and respond to any of the unreported decisions cited in the Findings and Recommendations.

WHEREFOR Movant submits that the Court should sustain the foregoing objections and order Respondent to answer his First Amended §2255 Motion in its entirety.

Respectfully submitted this eleventh day of November, 2018.

Signed: /s/ Matthew Muller

Matthew Muller
Pro Se