1

2   Matthew Muller
    1 EMBARCADERO CTR STE SL12, #2563
3   SAN FRANCISCO, CA 94126-2563
    matt@projectjusticeforall.org
4   <u>Pro Se</u>



FILED

NOV 2 8 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,          No.  2:15-cr-0205-TLN-EFB

11              Plaintiff,             **OPPOSITION TO RESPONDENT'S
                                       REQUEST FOR EXTENSION OF TIME
12      v.                             IN WHICH TO FILE OBJECTIONS TO
                                       MAGISTRATE JUDGE'S FINDINGS
13  MATTHEW MULLER,                    AND RECOMMENDATIONS**

14              Defendant.

15

16  _____

17          Movant Matthew Muller respectfully opposes the Respondent's late-filed request

18  to respond to the Magistrate Judge's Findings and Recommendations.  *See* ECF No 79.

19          On July 18, 2018, the Findings and Recommendations of the Magistrate Judge,

20  ECF No. 65, were served upon Movant.  *See* ECF No.65 Docket Notation.  The Findings

21  and Recommendations directed that any responsive objections were to be filed within
22
    fourteen days.  *Id* at 10.  Movant subsequently requested and for good cause shown was
23
24  granted extensions of the time in which to file objections.  *See* ECF Nos. 66-67, 70,72.

25          <u>First</u>, the Findings and Recommendations provided only fourteen days within
26
    which "any party" may have filed written objections.  Respondent elected not to do so. It
27

28

now seeks months longer in which to file already out-of-time objections.   Respondent makes no showing of excusable neglect in support of its four-months-late request.   *See* Fed. R. Civ. P 6(b); L.R. 144(d) (noting that tardy extension requests "are look upon with disfavor").

*Second*, given the §2255 motion's current pre-screening posture, Respondent is in essence not yet a party to proceedings on the motion.   *See* Rules Governing §2255 Proceedings, R. 4(b).  The U.S. Attorney has not yet been ordered to respond to the motion.

*Third*, to the extent that Respondent *is* allowed to respond to the §2255 motion during preliminary review, it is a further illustration of why considerations of judicial economy militate against an expansive view of Rule 4(b).  The Court would be inviting prelitigation of §2255 motions followed by relitigation thereafter of some or all of the same issues addressed in the preliminary review.

Wherefore the Court should deny Respondent's request to file objections as four months past due and not authorized during Rule 4 preliminary review.

Date: November 27, 2018.

Signed: /s/ Matthew Muller
Matthew D. Muller
Pro Se