1 | MATTHEW D. MULLER
One Embarcadero Center
2 | Suite SL 12, #2563
San Francisco, CA 94126-2563
3 | Matt@projectjfa.org
*Pro Se*
4

**FILED**

DEC 1 0 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

5

6 | UNITED STATES DISTRICT COURT

7 | EASTERN DISTRICT OF CALIFORNIA

8 | UNITED STATES OF AMERICA,

9 | Respondent,

10 | v.

11 | MATTHEW MULLER,

12 | Movant.

No. 2:15-cr-00205-TLN-EFB

**MOTION FOR APPOINTMENT OF COUNSEL AND FORENSIC PSYCHIATRIST**

13

14

15 | The Movant Matthew Muller respectfully requests that the Court appoint him counsel in

16 | this matter, pursuant to 18 U.S.C. § 3006A and Rules 6 and 8 of the Rules Governing § 2255

17 | Proceedings. He further requests that appointed counsel be provided adequate funds with

18 | which to obtain a forensic psychiatric examination of Movant to ascertain and prove facts

19 | relevant to the § 2255 motion.

20 | The Court granted Movant in forma pauperis status on July 18, 2018. *See* ECF No. 65

21 | (docket notation). It subsequently granted Movant filing extensions in response to his requests,

22 | which detailed mental health issues causing the delay. *See* ECF Nos. 66, 67, 69, 70, 72. The

1  Movant's mental health has continued to suffer due to his ongoing solitary confinement in a

2  Solano County detention facility. *See* Exhibit A (Movant's declaration supporting this motion)

3  and Exhibit B (Solano County mental health records reflecting Movant's diagnoses of Bipolar

4  Disorder and Post Traumatic Stress Disorder).

### *Appointment of Counsel is Required for Mental Health Reasons and Practical Considerations*

7  Courts have found that an incarcerated litigant's mental health disabilities are sufficient

8  reason to appoint counsel. *See*, *e.g.*, *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en

9  banc); *Hamilton v. Leavy*, 117 F.3d 742, 749 (3d Cir. 1997). This is particularly so in a § 2255

10  motion that will turn on mental health matters and competence to plead guilty. Further, as

11  discussed in Movant's declaration, his § 2255 motion may involve legal claims that cannot be

12  ruled upon without an expert psychiatric opinion. This is true even at the pleading stage,

13  because relevant facts may exist outside Movant's expertise and insight into his own

14  psychiatric health. Movant would not know to allege such facts until they are revealed by a

15  forensic expert.

16  Appointment of counsel has also been found appropriate where a pro se litigant may have

17  difficulty marshaling relevant evidence and conducting discovery. *See*, *e.g.*, *Agyeman v.*

18  *Corrections Corp. of America*, 390 F.3d 1101, 1104 (9th Cir. 2004); *Montgomery v. Pintchak*,

19  294 F.3d 492, 502 (3d Cir. 2002) (directing appointment of counsel where — as here — pro

20  se litigants were likely to face resistance from witnesses and where depositions would be

21  necessary. *See* ECF No. ____, recent sealed filing regarding likelihood of witness resistance).

22  Anticipated use of expert testimony also weighs toward appointment of counsel. *See*,

1    *e.g., Steele v. Shaw*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Montgomery v. Pintchak*, 294 F.3d

2    492, 504 (3d Cir. 2002) (counsel should be appointed to coordinate expert when medical issues

3    are complex); *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005).

4        Additionally, Mr. Muller's § 2255 motion and asserted lack of competence to plead guilty

5    are closely intertwined with the conditions of his confinement in "total separation" status for

6    nearly 20 months at the Sacramento County Main Jail. Those conditions are now the subject

7    of a large class action lawsuit filed with this Court. *See Mays et al. v. County of Sacramento*,

8    No. 2:18-at-01259 (E.D. Cal. July 31, 2018). That action includes both claims and expert

9    reports chronicling jail conditions during the times Movant was confined there. It will likely

10   take both appointed counsel and a psychiatric expert to bring to bear this large trove of

11   evidence and information directly relevant to Movant's claims.

12       Appointment of counsel is also opportune at this moment because Movant is housed

13   temporarily in a facility close to the Court where appointed counsel can meet with him. Later,

14   he will return to a remote facility in Arizona.

15       Finally, it would be inapt to dismiss or deny Movant's claims after refusing him the

16   assistance and expert testimony needed—even at the pleading phase—to adequately develop

17   those claims. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (noting the

18   "plainly pose[d] Catch-22 problems" of refusing a litigant assistance of counsel until his claims

19   survive a motion to dismiss, where those claims are unlikely to survive a motion to dismiss

20   without assistance of counsel); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 429-30

21   (7th Cir. 1991) (criticizing and overruling policy of not appointing counsel until evidentiary

22   hearings).

1     WHEREFORE the Court should appoint counsel to aid its consideration of this matter

2  and designate funds for a forensic psychiatrist. Movant respectfully suggests that appointment

3  of the Federal Defender's Office would be appropriate, as that office has many clients affected

4  by detention issues relevant to this case, making them uniquely well-situated to understand the

5  issues.

6     Respectfully submitted this tenth day of December, 2018.

Signed:

Matthew D. Muller
*Pro Se*

# EXHIBIT A

## Declaration of Matthew Muller
## In Support of Motion

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Respondent,

v.

MATTHEW MULLER,

Movant.

No. 2:15-cr-00205-TLN-EFB

**DECLARATION OF
MATTHEW MULLER**

I, Matthew Muller, declare:

1.   I am the Movant in this matter and have been proceeding pro se.

2.   I have legal training and was previously licensed to practice law.  However, for various practical, procedural and health reasons, I am not able to continue to effectively represent myself.

3.   First, I suffer from diagnosed Bipolar I Disorder and Post-Traumatic Stress Disorder, the latter as a consequence of a rape and beating I suffered in prison in May of this year. Both of these conditions are episodic, affecting me little at some times and incapacitating me fully at others.

4.   My psychiatric conditions are exacerbated greatly by certain conditions of confinement (and that fact will be central to my § 2255 motion). I am currently in the temporary custody of Solano County, housed in administrative segregation. Although my health was immensely improved by my 2017 transfer away from the Sacramento County Jail and to U.S. Penitentiary

Tucson, it is now deteriorating again—both due to the more restrictive conditions of confinement here, and due to the ongoing health effects of the attacks mentioned above.

5.     In the past several weeks and presently, I have—with assistance from a paralegal—filed various documents with the Court that were at least minimally competent pleadings. However, it is not evident from the face of those documents that they were produced only through unusual effort and stress far beyond what an unimpaired attorney or pro se party would experience. Work on the documents commenced in July and has continued sporadically for months thereafter, despite their simplicity relative to filings I regularly completed while healthy. For lack of a better simile, it has been the mental equivalent of passing a kidney stone: feasible with struggle, but extremely unpleasant, and potentially impossible in the future.

6.     My mental health has continued to suffer in Solano County. Unlike in Tucson, where I am confined to a cell only at night and briefly during "count time," and where I may spend up to seven hours daily in the open air exercising, in my current facility I am restricted to confinement in my cell for a much longer period. It has taken me months to complete filings in this matter that would have been a few days' work were I healthy. Given my current health, it is very possible I will be unable to meet future deadlines or competently represent myself. It is even possible I may become unable to aid in my own defense at all.

7.     I am requesting funds under 18 U.S.C. § 3006A for appointment of a forensic psychiatrist due to the centrality of mental health issues in my § 2255 motion, and in this criminal matter in general. In the event the Court is inclined not to appoint counsel at this time, I respectfully request it fund or appoint a forensic psychiatrist to provide an expert opinion on whether I will likely remain even minimally competent to continue pro se in this matter.

8. In addition, a forensic psychiatrist is required even prior to an evidentiary hearing in order to develop a sufficient record in the event of appeal. I am bringing a claim that may not be fully addressed by current caselaw on competence to plead guilty. In essence, I pleaded guilty because I wished to die; had fixed plans to commit suicide such that the length of any federal prison sentence was irrelevant to me (it was not the prospect of a long prison term that animated my wish to die, only the prospect of continuing to suffer from depression); and in any event due to depression I falsely believed that mounting any defense would be futile and pointless.

9. Combining my general understanding of constitutional principles with my subjective experience of proceedings in 2016, it is inconceivable to me that a defendant in that state of mind could be competent to plead guilty. Having encountered several federal inmates who, due to depression, pleaded guilty although actually innocent, I believe this is a crucial legal issue. In the event the Court denies my claim on legal grounds, I would like the record on appeal to include the psychiatric expert opinion necessary to place the issues into clear relief.

10. In addition to mental health reasons, I believe appointment of counsel is appropriate due to the sensitivity of certain issues and developments in this case. Those circumstances are set forth in other pleadings submitted under seal. Based on my experience dealing with the individuals likely to offer testimony on my motion, they may be hostile witnesses. It will be necessary to have counsel available to depose or cross-examine them in any proceedings.

I, Matthew Muller, declare under penalty of perjury that the foregoing is true and correct. Done this fifth day of December, 2018, in Fairfield, California.

DECLARATION OF
MATTHEW MULLER                  - 3 -                    United States v. Muller

1

2 Signed: _____

Matthew D. Muller

3 *Pro Se*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

# EXHIBIT B

## Solano County Mental Health Record Excerpt

# Medical Intake Triage/Receiving
## Screening - CMG

**MATTHEW DANIEL MULLER**
**#326450**

BM#:
DOB:

256332
03/27/1977

Interviewer:

RN Venenciano, Ann (09/15/2018 1923)

| Field | Value | |
|---|---|---|
| Translation Required? | ○ Yes (Language): | |
| If Yes is marked, an alert will automatically generate for interpreter Needed | ● No | |
| Allergies: | nkda | |
| Arrest date: | | |
| Previous incarceration? (If yes, when and where) | ● Yes ○ No | San Bernardino County Sheriff |
| Health Insurance? | ○ Yes ○ No | |
| Work Related Injuries? | ○ Yes ○ No | |
| *Starred items below are considered high risk findings and require further evaluation.<br><br>*Pulse of 110 or greater;<br>*Systolic BP of 180 or greater<br>*Diastolic BP of 110 or greater<br>*Temp of 100.0 or greater<br>*SPO2 of less than 90<br>*Respirations of less than 12/min or greater than 24/min | **Blood Pressure** | 133    sys 87 <br> 78    dia |
| | **Pulse** | 78    beats per min |
| | **Respirations** | 12    breaths per min |
| | **Temperature** | 97.3    °F |
| | **Weight** |    lbs |
| | **Height** | 6ft 0in ☑ |
| | **SPO2** | 97.0    % |

**CURRENT MEDICAL COMPLAINTS AND CONDITIONS**

**Blood Sugar (if indicated):**

**(NOTE: INCLUDE CURRENT SYMPTOMS; ANY E.D. VISIT, ACUTE INFECTION, OR TRAUMA IN PAST WEEK)**

Bipolar; PTSD, Vita D deficiency; Chronic back pain

**MEDICATIONS**

| | | |
|---|---|---|
| Current medications (If yes, verify and refer to the provider) Include psychotropics | ● Yes ○ No | brought with person |

1

2
UNITED STATES DISTRICT COURT

3
EASTERN DISTRICT OF CALIFORNIA

4
UNITED STATES OF AMERICA,                    No. 2:15-cr-00205-TLN-EFB

Respondent,

5
                                             **[PROPOSED] ORDER**
        v.

6

7
MATTHEW MULLER,

        Movant.

8

9

10
        Movant is a federal prisoner proceeding without counsel in his motion to vacate, set aside,

11
or correct his sentence pursuant to 28 U.S.C. § 2255.  On December 10, 2018, Movant

12
requested that the Court appoint him counsel in this matter and allocate funds for appointed

13
counsel to obtain a forensic psychiatric evaluation of Movant.  ECF No. _____.

14
        Good cause appearing, it is ORDERED that the Federal Defenders Office for the Eastern

15
District of California be appointed to represent Movant in this matter.  Appointed counsel is

16
directed to arrange a forensic psychiatric examination of Matthew Muller using funds allocated

17
for that purpose.

18

19
DATED: December ___ , 2018            _____

20
                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE

21

22

## CERTIFICATE OF SERVICE

I, Huei Dai, certify that I filed the foregoing documents with the Court via hand delivery. All other parties to this matter are registered for the electronic case management system and will be served automatically by electronic means when documents are scanned and filed by the Clerk.

Dated: December 10, 2018

Signed: _____
Huei Dai

## CERTIFICATE OF SERVICE

I, Huei Dai, certify that I filed the foregoing documents with the Court via hand delivery. All other parties to this matter are registered for the electronic case management system and will be served automatically by electronic means when documents are scanned and filed by the Clerk.

Dated: December 10, 2018

Signed: _____

Huei Dai

1  MATTHEW D. MULLER
   One Embarcadero Center
2  Suite SL 12, #2563
   San Francisco, CA 94126-2563
3  Matt@projectjfa.org
   *Pro Se*
4

5

6              UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8  UNITED STATES OF AMERICA,          No. 2:15-cr-00205-TLN-EFB

9              Respondent,

10         v.                          **NOTICE OF REQUEST
                                       TO SEAL DOCUMENTS**
11  MATTHEW MULLER,

12             Movant.

13

14

15        NOTICE IS HEREBY GIVEN that the Defendant Matthew Muller is seeking to have

16  sealed a motion in the above-captioned matter.  The material to be sealed includes a request

17  for the Court to order disclosure of Mr. Muller's full case file by his former attorneys.  Sealing

18  is sought on grounds that privacy concerns relating to sensitive health matters override the

19  presumption of public access.  Further, sealing is necessary to avoid prejudicing interests that

20  would be unduly harmed by public disclosure of the information to be sealed.  The documents

21  to be sealed included a Motion for Order Compelling Return of Case File, supporting papers

22  filed therewith and a proposed order.

1    A Request to Seal Documents, the above-described documents to be sealed and a

2  proposed order regarding sealing have been submitted to the Court by electronic mail to the

3  assigned Magistrate Judge's proposed orders e-mail box.  This notice, the Request to Seal

4  Documents, the proposed order and the documents to be sealed were served on the Respondent

5  in this matter via first class mail and by electronic mail.

6    Respectfully submitted this tenth day of December, 2018.

7

8                                                     Signed:

                                                          Matthew D. Muller

9                                                             *Pro Se*

10

11

12

13

14

15

16

17

18

19

20

21

22

1

2                          UNITED STATES DISTRICT COURT

3                          EASTERN DISTRICT OF CALIFORNIA

4     UNITED STATES OF AMERICA,              No. 2:15-cr-00205-TLN-EFB

                         Respondent,
5                                            **[PROPOSED] ORDER**
              v.
6
      MATTHEW MULLER,
7
                         Movant.
8

9

10         Movant is a federal prisoner proceeding without counsel in his motion to vacate, set aside,

11    or correct his sentence pursuant to 28 U.S.C. § 2255.   On December 10, 2018, Movant

12    requested that his Motion for Order to Compel Return of Case File and supporting documents

13    be filed under seal.

14         Movant has demonstrated that the requested sealing is appropriate and has complied with

15    all procedures relating to a request for sealing. *See* L.R. 141; *Waller v. Georgia*, 464 U.S. 501

16    (1984).

17         Good cause appearing, it is ORDERED that Movant's Request to Seal Documents (ECF

18    No. __) is granted. The clerk is directed to file Movant's Motion for Order Compelling Return

19    of Case File and its supporting documents under seal.

20    DATE: _____ , 2018         _____
                                         EDMUND F. BRENNAN
21                                       UNITED STATES MAGISTRATE JUDGE

22

## CERTIFICATE OF SERVICE

I, Huei Dai, certify that I filed the foregoing documents with the Court via hand delivery. All other parties to this matter are registered for the electronic case management system and will be served automatically by electronic means when documents are scanned and filed by the Clerk.

Dated: December 10, 2018

Signed: _____

Huei Dai