McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
MATTHEW D. SEGAL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:15-CR-00205-TLN-EFB |
| Plaintiff, | UNITED STATES' MOTION TO STAY OPPOSITION FILING |
| v. | DATE: TBD |
| MATTHEW MULLER, | TIME: 9:00 a.m. |
| Defendants. | COURT: Hon. Edmund F. Brennan |

## I.     INTRODUCTION

Comes now the United States, by and through the undersigned Assistant U.S. Attorney and moves the Court for an order staying the filing of the government's opposition in response to Matthew Muller's (Muller) Motion to Amend Motion to Vacate Sentence (ECF 75), First Amended Supplement to Motion to Vacate Sentence (ECF 77); and litigant letter (ECF 78).  Because the grounds for relief in Muller's amended pleadings have been decided, the Court should stay further any response until the assigned U.S. District Judge has ruled on the matter.

## II.     PROCEDURAL POSTURE AND ANALYSIS

Muller filed an initial motion pursuant to 28 U.S.C. § 2255 on April 9, 2018.  (ECF 61).  On July 18, 2018, the Court issued its Order and Findings and Recommendations.  (EFC 65).  On November 13, 2018, Muller filed a Motion to Amend Motion to Vacate Sentence (ECF 75), First Amended Supplement to Motion to Vacate Sentence (ECF 77); and litigant letter (ECF 78).  For good cause, the

Court granted the United States a continuance up to and including January 18, 2019 to respond.  The United States submitted its response to Movant's Objections to Findings and Recommendations on January 18, 2019.

In deciding whether to issue a stay, there are several competing interest the Court must balance:

> Among these competing interests are the possible damage which may result [to the party opposing a stay] from the granting of a stay, the hardship or inequity which a party [seeking a stay] may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of the issues, proof, and questions of law which could be expected to result from a stay.

CMAX, Inc. v. Hall, 300 F.3d 265, 268 (9th Cir. 1962).   Although lengthy or indefinite stays are disfavored by Supreme Court and the Ninth Circuit, there is no prejudice to Muller from a stay in this case. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059 (9th Cir. 2007); Landis v. North American Company, 299 U.S. 248 (1936).  Furthermore, even though allowed by the Federal Rules of Civil Procedure, an amendment may be rejected by the Court if found futile. FRCP 15(a)(2); Bonin v. Caleron, 59 F.3d 815, 845 (9th Cir. 1995).

The thirteen grounds for relief raised by Muller in his amended pleadings are identical to those raised in his initial 2255 motion.  Muller concedes as much in his motion to amend, noting "no new ground for relief is asserted" and "the Court's Findings and Recommendations (ECF No. 65) as to the original motion (ECF No. 61) apply equally to the amended filing, with no alternation needed other than page number references." ECF 75 at 2.  The Court denied Grounds 1-11 and ordered the United States to respond to Grounds 12 and 13 in its findings and recommendations.  ECF 65 at 9.  The United States filed its response to Grounds 12 and 13 on January 18, 2019.  Moreover, although Muller's objections, seek among other things, a "full" government response to his amended motion, this Court has already concluded that he is not entitled to one.  ECF 65.

Considering the Court's ruling, a stay is appropriate until the assigned District Judge has ruled on this Court's Findings and Recommendations.  A government response at this juncture would unnecessarily complicate the matter.  Additionally, should the District Judge adopt the Court's Findings and Recommendations, further briefing on Grounds 1-11 would necessarily be "futile" and should be

rejected. <u>Bonin</u>, 59 F.3d at 845.  Should the District Judge not adopt this Court's findings, the United States will presumably be required to respond to Grounds 1-11 at that time.


 Dated:  January 18, 2019                              McGREGOR W. SCOTT
                                                       United States Attorney


                                               By:    /s/ HEIKO P. COPPOLA
                                                       HEIKO P. COPPOLA
                                                       Assistant United States Attorney