1  McGREGOR W. SCOTT
   United States Attorney
2  MATTHEW D. SEGAL
   HEIKO P. COPPOLA
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone:  (916) 554-2700
5  Facsimile:  (916) 554-2900

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                CASE NO.  2:15-CR-205 TLN-EFB

                         Plaintiff,          RESPONSE TO OBJECTIONS TO FINDINGS
12                                           AND RECOMMENDATIONS

13             v.

    MATTHEW MULLER,
14
                         Defendant.
15

16                    I.        **INTRODUCTION**

17       The Findings and Recommendations are well reasoned and supported by law.  The government

18  submits this very short memorandum to address the defendant's specific objections.

19  **II.        THE MAGISTRATE JUDGE DID NOT ERR BY DISMISSING ONLY THE
              DEFENDANT'S PLAINLY MERITLESS CLAIMS.**
20

21       The magistrate properly applied Rule 4(b) of the Rules Governing Section 2255 Proceedings in

22  the District Courts by distinguishing among Muller's claims that were subject to summary dismissal and

23  those that were not.  It is entirely proper for a court to distinguish among the claims in a section 2255

24  motion and adjudicate some with more rigorous process than others.  *See Baumann v. United States*, 692

25  F.2d 565, 572 (9th Cir. 1982) (evidentiary hearing required on some claims but not others).

26       It would defeat the purpose of Rule 4(b) if the defendant could evade screening of patently

27  meritless claims by alleging them in a petition that containing some claims that require more litigation.

28  "Rule 4(b) recognizes that summary dismissal of meritless motions under § 2255 is appropriate to

RESP. TO OBJS. TO F&Rs                          1

1    relieve the district courts from the heavy burden which an obligation of hearings and findings on these

2    motions would impose. The cases which have considered Rule 4(b) dismissals have been unanimous in

3    their affirmance of the summary dismissal procedure when the record supports such dismissal." *Abatino*

4    *v. United States*, 750 F.2d 1442, 1444 (9th Cir. 1985).

5         The magistrate court did its work in detail, on a claim-by-claim basis.  "[T]he preferred practice

6    in dismissing a section 2255 motion in accordance with Rule 4(b) is to enumerate the issues raised by

7    the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the

8    legal grounds for that action."  *United States v. Counts*, 691 F.2d 348, 349 (7th Cir. 1982).  There was

9    no error.

10        **III.        THE MAGISTRATE COURT DID NOT ERR BY APPLYING THE PLEA
                        AGREEMENT'S WAIVER TERM**

11

12        The magistrate court correctly observed that many of Defendant Muller's claims are barred by

13   the provision in his plea agreement in which he waives his rights under section 2255.  This is exactly

14   what the government argues.  Defendant Muller complains, "The magistrate's recommendation that the

15   Court anticipate [the government's] assertion of the waiver robs the United States of its prosecutorial

16   prerogative not to do so."  Objs. to F&Rs at 5.  The government does not feel robbed and does not object

17   to the Findings and Recommendations.  The government endorses the magistrate court's

18   recommendation the Court enforce the defendant's collateral attack waiver.

19        **IV.        THE MAGISTRATE PROPERLY APPLIED THE *TOLLET* RULE**

20        On collateral attack, the defendant's plea of guilty bars him from litigating claims about unlawful

21   searches and seizure, lack of a preliminary hearing, pre-plea prosecutorial misconduct, and ineffective

22   assistance unrelated to the guilty plea itself.  *See* F&Rs at 6-7.

23        The Findings and Recommendations are well reasoned and carefully lay out the authority upon

24   which they rely.  In contrast, the defendant has poor support for his assertion, "Pre-plea defects may be

25   refracted through claims that a plea was not knowing, voluntary and intelligent and through ineffective

26   assistance of counsel claims."  Objs. to F&Rs at 6.  The first case that the defendant cites for that

27   proposition concerns whether a defendant was advised on the government's burden of proof on drug

28   quantity during his Rule 11 proceeding, and the defendant cites to the dissent.  *See United States v.*

RESP. TO OBJS. TO F&RS                                          2

1  *Villalobos*, 333 F.3d 1070, 1077 (9th Cir. 2003) (Gould, Circuit Judge, dissenting).  The only other case

2  the defendant cites was overruled by the Supreme Court.  *See Moore v. Czerniak*, 574 F.3d 1092, 1131

3  (9th Cir. 2009), *reversed sub nom Premo v. Moore*, 562 U.S. 115, 132 (2011) ("[H]indsight cannot

4  suffice for relief when counsel's choices were reasonable and legitimate based on predictions of how the

5  trial would proceed[.]").

6      Finally, Muller seeks to rely on his *amended* § 2255 filing to "make[] clear that all claims are

7  asserted not only as independent grounds for relief[.]"  Objs. to F&Rs at 6.  But Muller did not seek to

8  amend his filing until *after* the magistrate issued the Findings and Recommendations.  The magistrate

9  obviously did not err in analyzing the section 2255 motion that was actually on file at the time.

10  **V.      THE CITATION OF UNPUBLISHED AUTHORITY DOES NOT RENDER THE**
11           **FINDINGS AND RECOMMENDATIONS ERRONEOUS.**

12      Defendant complains that the Findings and Recommendations use five Lexis citations and one

13  case lacking citation sufficient to find it.  *See* Objs. to F&Rs at 6.  It does not matter.  The local rules on

14  brief filing do not limit how the courts may file orders.  The published case that has no citation in the

15  Findings and Recommendations is *United States v. Ratigan*, 351 F.3d 957, 960 (9th Cir. 2003), which

16  stands for exactly the proposition stated in the Findings and Recommendations.  F&Rs at 8 n.5.

17      Defendant's objection is no basis upon which to find the magistrate erred.

18                                      Respectfully submitted,

19   Dated:  January 18, 2019              McGREGOR W. SCOTT
                                           United States Attorney
20

21                                  By:   /s/ MATTHEW D. SEGAL
                                          MATTHEW D. SEGAL
22                                        Assistant United States Attorney

23

24

25

26

27

28

RESP. TO OBJS. TO F&RS                        3

1      CERTIFICATE OF SERIVCE BY MAIL

2          The undersigned hereby certifies that she is an employee in the Office of the United States

3      Attorney for the Eastern District of California and is a person of such age and discretion to be

4      competent to serve papers.

5          That on January 18, 2019, she served a copy of the Response to Objections to Findings and

6      Recommendations, by placing said copy in a postpaid envelope addressed to the person hereinafter

7      named, at the place and address stated below, which is the last known address, and by depositing said

8      envelope and contents in the United States Mail at Sacramento, California.

9      Addressee:

10     Matthew D. Muller
       Project Justice for All
11     388 Market Street, Suite 1300
       San Francisco, CA 94111

12
        Dated:  January 18, 2019                        McGREGOR W. SCOTT
13                                                      United States Attorney

14
                                               By:   /s/ Samantha Kenney
15                                                   SAMANTHA KENNEY
                                                     Legal Assistant
16

17

18

19

20

21

22

23

24

25

26

27

28

RESP. TO OBJS. TO F&Rs                         4