MATTHEW D. MULLER
One Embarcadero Center
Suite SL 12, #2563
San Francisco, CA 94126-2563
Matt@projectjfa.org
*Pro Se*



FILED

JAN 29 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW MULLER,<br><br>Movant. | No. 2:15-cr-00205-TLN-EFB<br><br>**REPLY TO UNITED STATES' RESPONSE (ECF 85) AND MOTION TO STRIKE** |

The United States' response to Movant's objections is both meritless and improper.

***First***, Respondent has prematurely injected itself into these proceedings. The United States has attacked Mr. Muller's § 2255 motion before the statute even contemplates that it be served with notice of it. 28 USC § 2255 (b); *see also* Rules Governing § 2255 Proceedings, R. 4(b) (providing for a response by the U.S. attorney only after initial review). Respondent's too-soon filings should be struck. In the alternative, Respondent should be estopped in the main proceeding from relitigating any issues it has charged in to address.

///

///

*Second*, Respondent finds it agreeable that Mr. Muller's claims be dismissed under authority he cannot obtain or respond to. Due process and this Court's rules do not find that agreeable at all.

*Third*, Respondent states Movant is arguing new claims made only after the magistrate issued his findings. Not so. Both Movant's original and amended motion explicitly incorporate nearly all other grounds into his ineffective assistance of counsel claim. ECF 61 at p.21 ¶81. It is undisputed that the ineffective assistance claim is cognizable, unwaived, and not barred by the plea agreement.

*Fourth*, prosecutors have vitiated the plea agreement and acted in bad faith. The agreement is unenforceable, as Movant will argue at the appropriate time. Although Respondent has said that it "does not feel robbed" by early rulings on the plea agreement (ECF 85 at 2), the United States should be allowed a full and fair opportunity to prove that agreement's enforceability. The matter should be deferred until the main proceeding.

Finally, Movant notes that he is by necessity working from an inexpensive, outdated treatise. He cannot easily verify authority it cites. Respondent's attack on the few cases Mr. Muller could locate (ECF 85 at 2-3) shows his disadvantage in litigating against a far better-resourced opponent. Together with Movant's inability to obtain cases cited against him in the F&R, it again highlights the need for appointed counsel.

Respectfully submitted this January 28, 2019.

Signed: /s/ Matthew D. Muller

Matthew D. Muller
*Pro Se*