UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW MULLER,<br><br>Movant. | No. 2:15-cr-00205-TLN-EFB<br><br><br><br>ORDER |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.  SCREENING**

On July 18, 2018, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 65.) After an extension of time, Movant has filed objections to the findings and recommendations and the Government has filed a response. (ECF No. 76; ECF No. 85.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper

1

analysis.[1]

## II. ADDITIONAL MOTIONS

Since the issuance of the findings and recommendations, Movant has filed: (1) a motion to amend his § 2255 motion (ECF No. 75); (2) a motion for appointment of counsel and a forensic psychiatrist (ECF No. 82); (3) a motion for expedited relief (ECF No. 83); (4) a "motion for an order to compel return of case file," accompanied by a request to seal various supporting documents (undocketed, submitted by mail on December 10, 2018); and (5) an "emergency motion for disposition of previous filings" (ECF No. 86). The Government has filed a motion to stay its obligation to respond to the motion to amend pending the Court's ruling on the magistrate judge's findings and recommendations concerning the initial § 2255 motion. (ECF No. 84.)

### i. Motion for Stay

The Government's request for a stay (ECF No. 84) is rendered moot by the instant order and is accordingly denied. The Government shall file an opposition or statement of no opposition to the motion to amend within 21 days of the date of this order.

### ii. Motion for Attorney and Expert

Under 18 U.S.C. § 3006A(a)(2)(B), the district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require," and such person is financially unable to obtain representation. "Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986); *see United States v. Manzo*, 423 F. App'x 705, 706 (9th Cir. 2011) (applying 18 U.S.C. § 3006A to petitions brought under 28 U.S.C. § 2255).

The Court has made no determination as to the necessity of an evidentiary hearing in this matter. Thus, the Court need not appoint counsel for Movant at this juncture unless it determines that justice requires it. In making that determination, the Court evaluates the likelihood of

---

[1] Movant argues in his objections to the findings and recommendations, that the Court failed to provide Movant with paper copies of five unreported cases in violation of E.D. Cal. L.R. 133(i)(3)(ii). (ECF 76 at 7.) The Rule states that "[i]n any action wherein a party is incarcerated and appearing pro se, that party shall be served with a paper copy of the case . . . cited *by the filing party* that has not been reported . . . ." E.D. Cal. L.R. 133(i)(3)(ii) (emphasis added). Movant objects to the findings and recommendations on the basis that the Court failed to provide these cases. Movant misstates the Local Rule, as the Court is not a party to the action and is under no such obligation. As such, Movant's objection on this basis is meritless.

2

success on the merits as well as the ability of the movant to articulate his claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Movant has not shown that he is likely to succeed on the merits. In addition, he is a former attorney who is demonstrably adept at litigating on his own behalf. Movant argues that a forensic expert will be necessary, but the Court cannot assess the need for such an expert at this early stage. Accordingly, the motion for counsel (and funds for counsel to obtain a forensic expert) (ECF No. 82) will be denied without prejudice.

      *iii.*     *Request to Seal*

Plaintiff has submitted to the Court via mail a "motion for order to compel return of case file," in which he seeks an order from this Court compelling his former defense attorney to return a case file. He has submitted a number of declarations and exhibits in support of that motion, all of which he asks the Court to file under seal.

Local Rule 141 governs requests to seal documents. E.D. Cal. L.R. 141. That rule provides that documents may be sealed by order of the court upon the showing required by law. L.R. 141(a). It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." L.R. 141(b).

The "showing required by law" referred to by Rule 141 is a high one. The Court operates under a strong presumption in favor of access to court records. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request. *Id.* The compelling reasons standard requires a court to: (1) find a compelling reason supporting sealing the record and (2) articulate the factual basis for sealing the record, without relying on hypothesis or conjecture. *Id.* at 1096–97. Courts must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Some examples of records for which there are compelling reasons to seal are: (1) records that could be used to gratify private spite or

3

promote public scandal; (2) records containing libelous statements; and (3) records that contain business information that could be used to harm a litigant's competitive standing. *Id.*

Movant argues that the evidence he submits must be sealed because he is afraid that his former defense attorney will retaliate against him and his family members and because the information contained therein may harm that attorney's reputation (and the reputation of one of his colleagues). The Court finds that Movant has not shown these interests to be compelling. Having reviewed the evidence, the Court concludes that the likelihood that it will harm the reputation of the former defense attorneys is modest, and, in fact, that the Court may require evidence from these individuals to determine the merits of the motion to compel that Movant seeks to file. Accordingly, the request to seal will be denied and the motion and supporting documents will be returned to movant. E.D. Cal. L.R. 141(e)(1). If Movant wishes to pursue the motion to compel, he may file it on the public docket.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 18, 2018 (ECF No. 65), are adopted in full.

2. Movant's motion to vacate (ECF No. 61) is DENIED as to Grounds 1–11, Grounds 12(a)–(d), Grounds 12(f)–(i), and Ground 14.

3. The Government is directed to file a response to Movant's Grounds 12(e) and 13 within 60 days of the date this Order is filed.

4. The Government is directed to submit any proposed plea agreements relating to this case and a transcript of the plea colloquy along with their response to the motion.

5. The Clerk shall serve a copy of the motion and this order on Movant's trial counsel. Movant's trial counsel is directed to file a declaration within 60 days of this Order addressing Movant's allegations regarding ineffective assistance in connection with the guilty plea, in particular, his conversations with Movant relating to the plea, the likely outcome of a trial, the merits of any mental health defense, and the timing for presenting such a defense.

6. The Government shall file an opposition or statement of nonopposition to the motion to amend (ECF No. 75) within 21 days of the date this Order is filed.

7. Movant's motion for appointment of counsel (ECF No. 82) is DENIED.

8. The Government's motion to stay (ECF No. 84) is DENIED as moot.

9. Movant's motion for expedited relief (ECF No. 83) and emergency motion for disposition of previous filings (ECF No. 86) are DENIED.

10. Movant's December 10, 2018, request to seal is DENIED and the Clerk is directed to return to movant the documents he sought to file under seal.

Dated: February 28, 2019

_____
Troy L. Nunley
United States District Judge