MATTHEW D. MULLER
1684 Decoto Road. #274
Union City, CA 94587

*In Pro Per*



FILED
APR 17 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW DANIEL MULLER,<br><br>Movant. | No. 2:15-cr-00205-TLN-EFB<br><br>**NOTICE OF MOVANT'S OBJECTION TO DISCLOSURE OF ATTORNEY-CLIENT PRIVILEGED MATERIAL; MOTION TO HOLD DISCLOSURES IN ABEYANCE** |

PLEASE TAKE NOTICE that the Movant Matthew Muller objects to any order of this court to the extent that it may be interpreted as requiring disclosure of the Movant's attorney-client privileged materials. He requests an order that any such disclosures be held in abeyance while he seeks counsel. The Movant has directed his former counsel Thomas Johnson and Kristy Horton to refrain from any disclosures while Mr. Muller obtains a judicial determination of this matter and, if necessary, appeals any adverse determination. *See* Exhibit A (notice and directive personally served upon Thomas Johnson and Kristy Horton).

As set forth in a concurrently filed Request for Stay and its supporting exhibits, Mr. Johnson has sought to extort the Movant and his family in order to force Mr. Muller to withdraw his motion for

1

NOTICE OF MOVANT'S OBJECTION TO
DISCLOSURE OF ATTORNEY-CLIENT
PRIVILEGED MATERIAL

People v. Muller

postconviction relief. Mr. Muller recently obtained his client file from Mr. Johnson via state court subpoena, after Mr. Johnson failed for over a year to provide the complete file to Mr. Muller or his two subsequent attorneys. The file box delivered in response to the subpoena included a folder that appears to have been inadvertently enclosed. Documents in that folder reflect Mr. Johnson's and Ms. Horton's close coordination and sharing of files with the U.S. Attorney's Office, with the aim of opposing the Mr. Muller's postconviction motion.

The disclosure of Mr. Movant's privileged information to prosecutors is consistent with Mr. Johnson's threat to violate Movant's confidences if Movant failed to withdraw this motion. Mr. Muller will suffer irreparable harm if further such disclosures occur — particularly in light of his pending state court criminal matter. That matter is approaching trial.

This court has adopted as its rules of professional conduct the standards set forth in the California State Bar Act and court decisions applicable thereto. L.R. 180 (e). Section 6068, subdivision (e) of the California Business and Professions Code (the State Bar Act) "is the most strongly worded duty binding on a California attorney. It requires the attorney to maintain 'inviolate' the confidence and 'at every peril to himself or herself' to preserve the client's secrets." *In re Johnson*, 4 Cal. State Bar Ct. Rptr. 2d (2000) (quoting Bus. & Prof. Code § 6068 (e)). Attorneys are prohibited from disclosing facts and even allegations that might prejudice a former client or cause his public embarrassment. *Dixon v. State Bar*, 32 Cal. 3d 728, 735-39 (1982).

Mr. Johnson has threatened to do exactly what the State Bar Act expressly prohibits. He has sought to force Mr. Muller to withdraw a motion that reflects poorly on Mr. Johnson's integrity and performance. Whatever Mr. Johnson's rights to answer Movant's claims, they do not include license to hold Movant and his family hostage with threats of legal harm and public embarrassment.

In light of Mr. Johnson's conduct and disclosure of the Movant's privileged material to prosecutors, Mr. Muller's family is attempting to marshal sufficient resources to retain counsel. Movant has

requested a stay for this purpose. In the interim, Mr. Muller lodges this objection. He requests an order that any disclosures be postponed until he has had an opportunity to retain counsel and obtain a judicial and, if necessary, appellate determination of this matter.

WHEREFORE the court should issue the requested order holding the disclosure of any privileged material in abeyance.

Respectfully submitted,

Dated: April 17, 2019           Signed: _____
                                        Matthew D. Muller
                                        *In Pro Per*

# Exhibit A

*Via Personal Service and Certified Mail*

Matthew D. Muller
2450 Clay Bank Rd.
Fairfield, CA 94533

April 15, 2019

Thomas A. Johnson, Esq.
Kristy Horton, Esq.
400 Capital Mall, Suite 2560
Sacramento, CA 95814

**Subject:** **Former Representation of Matthew Daniel Muller**
**Instruction to Raise Objections and to Refrain**
**From Further Disclosure of Privileged Material**

Dear Mr. Johnson and Ms. Horton:

You were previously retained by Monty Muller and Joyce Zarback to represent me in criminal proceedings in Alameda and Solano counties, California, and in federal court for the Eastern District of California.

You are directed to cease and desist from disclosure of attorney-client privileged material relating to my representation. You are further instructed to raise all possible objections to disclosure of such information at the request of a court, to the extent you interpret any such requests to require you to provide privileged materials. You are directed to refrain from providing or filing any document containing privileged information in connection with a court request until after I have had an opportunity to obtain a judicial determination concerning the lawfulness of such a disclosure and, if necessary, an opportunity to appeal any adverse ruling on the matter.

You are directed to protect and seek the return of any privileged material you have already disclosed to an outside party, and to require or request that the outside party refrain from distributing the material further.

1

Section 6068, subdivision (e) of the California Business and Profession Code "is the most strongly worded duty binding on a California attorney. It requires the attorney to maintain 'inviolate' the confidence and 'at every peril to himself or herself' to preserve the client's secrets." *In re Johnson*, 4 Cal. State Bar Ct. Rptr. 179 (2000) (quoting Bus. & Prof. Code § 6068(e)). This duty prohibits an attorney from disclosing information or even allegations that may cause a former client harm or public embarrassment. *Id.*; *Dixon v. State Bar*, 32 Cal. 3d 728, 735-39 (1982); *see also* Henry D. Levine, *Self-Interest or Self-Defense: Lawyer Disregard of the Attorney-Client Privilege for Profit and Protection*, 5 Hofstra L. Rev. 783, 810-12 (1977).

Mr. Johnson, when you visited me in April of last year in Tucson, Arizona, you stated that if I did not withdraw a postconviction motion that included a claim your representation was deficient, you would "open up [my] file to prosecutors." I directed you then not to do any such thing and advised that such disclosure would be unlawful. I called your attention to a relevant opinion of the American Bar Association's Standing Committee on Ethics and Professional Responsibility: Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim (July 14, 2010). I later sent you a copy of this opinion. I also sent multiple communications to you and to Kristy Horton, by electronic and postal mail, directing you both to maintain my confidences and refrain from disclosure of privileged material.

I continue all of my previous directives to you both. This notice has been personally served upon you concurrently with a state court subpoena for all electronic mail communications in your possession or control relating in any way to my case. You are directed to comply with that subpoena, and provide such communications in full for the court in turn to provide to me. The subpoena response is not publicly filed and the court in consultation with me will determine what, if any, portion of the material is privileged and/or not disclosable to any third party.

A copy of this notice and directive has been enclosed as an exhibit to a filing in my federal postconviction matter objecting to any court order that may be interpreted to require disclosure of privileged material.


Cordially,

Matthew D. Muller

2

Certificate of Service

I, Huei Dai, certify that I served the foregoing documents on the Plaintiff by causing them to be file with the court's electronic document filing system. The Plaintiff is registered for electronic service of documents file in this matter.

Dated: April 17, 2019          Signed: _____
                                        Huei Dai