UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW MULLER,<br><br>Movant. | No. 2:15-cr-0205-TLN-EFB P<br><br><br><br>ORDER |

Movant Matthew Muller requests that the court stay proceedings on his motion under 28 U.S.C. § 2255 for 90 days to allow him time to seek counsel and "respond to misconduct by his former attorney affecting these proceedings." ECF No. 101. Muller also seeks an order that any disclosure of his attorney-client privileged materials be held in abeyance "until he has had an opportunity to retain counsel and obtain a judicial and, if necessary, appellate determination of this matter." ECF No. 100. The government does not oppose either request but argues that movant has waived his attorney-client privilege regarding all communications with his trial counsel by arguing in his motion that they provided ineffective assistance. ECF No. 102.

Movant's request for a 90 day stay of this proceeding is GRANTED. However, his request for an indeterminate postponement of disclosures by his former trial counsel is DENIED. Movant has placed the conduct of his trial counsel at issue by alleging ineffective assistance of counsel and making numerous additional allegations of misconduct by trial counsel. That necessarily waives the privilege to the extent necessary to adjudicate the issue. *Lambright v.*

1

*Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker v. Woodford*, 331 F.3d 715, 722 (9th Cir. 2003) (holding that a habeas petitioner's waiver of attorney-client privilege as to communications with his allegedly ineffective lawyer is limited to "what is needed to litigate the claim of ineffective assistance of counsel[.]"). However, out of deference to movant's interest in protecting any communications with trial counsel for which the privilege may not have been waived, the court will order that trial counsel's declaration be filed temporarily under seal while the parties submit proposed language for a protective order. *See Lambright v. Ryan*, 698 F.3d at 818.

Accordingly, it is hereby ORDERED that:

1. Movant's motion to stay (ECF No. 101) is granted and proceedings on movant's 28 U.S.C. § 2255 motion are stayed until July 16, 2019.

2. The government shall file its response to the motion to vacate sentence (ECF No. 61) and the motion to amend (ECF No. 75) on or before August 15, 2019.

3. Movant's trial counsel shall file a declaration in response to the motion to vacate, set aside or correct sentence on or before August 15, 2019. The declaration shall initially be filed under seal and will remain sealed for a period of 21 days or unless otherwise ordered by the court.

4. On or before August 29, 2019, the parties shall submit proposed language to the court for a protective order governing potentially privileged materials to ensure that such materials are disclosed only to the extent necessary to adjudicate movant's ineffective assistance claims.

DATED: May 30, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE