MATTHEW DANIEL MULLER
1684 Decoto Rd, #274
Union City, CA 94587
Telephone: (415) 322-0492
Email: matt@projectjusticeforall.org

*Pro Se*

FILED

JUL 17 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW D. MULLER,<br><br>Movant. | No. 2:15-cr-00205-TLN-EFB<br><br>**MOTION TO HOLD PROCEEDINGS IN ABEYANCE (VERIFIED)** |

Comes now the Movant Matthew Muller and respectfully requests that the Court hold these proceedings in abeyance pending the disposition of his related state criminal charges. Absent an abeyance, the defense in his state case will suffer irreparable harm. *See* Exhibit A (declaration of Dustin Gordon, appointed defense counsel in the state matter, joining the request for abeyance).

Due to the difficulties of coordinating directly with opposing counsel while the Movant is incarcerated, Mr. Muller has not sought the government's position on this motion. However, he

has notified both the government and his formal trial counsel and requested that they refrain from filings, besides any response to this motion, until the Court has ruled.

In the event an abeyance is denied, the Movant respectfully requests a brief stay of 14 days in which to appeal under the collateral order doctrine and seek interim relief pending review. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949); *see also In re Ford Motor Co.*, 110 F.3d 954, 962-64 (3d Cir. 1997) ("Appeal after final judgment cannot remedy the breach in confidentiality.... The cat is already out of the bag.... there is no way to unscramble the egg scrambled by disclosure").

## I.  PROCEDURAL HISTORY

On April 9, 2018, the Court received Mr. Muller's motion for postconviction relief under 28 U.S.C. § 2255. ECF No. 61. On July 18, 2018, U.S. Magistrate Judge Edmund F. Brennan issued findings and recommendations concerning the motion and granted Mr. Muller's request to proceed *in forma pauperis*. ECF No. 65. Mr. Muller requested appointment of counsel on December 10, 2018. ECF No. 82. On March 4, 2019, U.S. District Judge Troy L. Nunley adopted the findings and recommendations, denied Mr. Muller's request for appointment of counsel, and ordered the government and Mr. Muller's former counsel to respond to the remaining claims in the § 2255 motion. ECF No. 91.

On April 17, 2019, the Movant requested that any further filings in this matter be stayed while he sought private counsel. ECF No. 101. On May 30, 2019, the Court stayed proceedings through July 16, 2019, and ordered the government and trial counsel to file their responses not later than August 17, 2019. ECF No. 103.

///

## II. MOVANT'S EFFORTS TO OBTAIN COUNSEL

Since requesting a stay to obtain representation, Mr. Muller has diligently sought to retain counsel he could afford with his family's assistance. Mr. Muller's family has spent thousands of dollars just in the process of obtaining review of Movant's case by attorneys, in order for them to determine the minimum retainer required to begin work. *See* Exhibit B (declaration of family member detailing those efforts and listing attorneys contacted). All quotes received were beyond the financial resources of Mr. Muller and his family.

Mr. Muller's efforts confirm that due to the complexity of his case, he and his family will continue to be unable to afford the cost of even the most basic representation. This matter has a degree of complexity that is exceptionally rare in single-defendant prosecution. The case involves investigations and activities by nine law enforcement agencies, more than three dozen officers and agents, six evidence laboratories, and three prosecutors' offices. It encompasses a massive body of evidence, including over 12,000 Bates-numbered items. Some of these numbers denote not a single page, but instead a larger attached document such as a 1,400-page spreadsheet. Evidence includes over 500 physical items, scores of optical discs containing interviews and lab reports, and a volume of electronic data that if converted to text in a court transcript, would create a stack of transcript 67 miles high.

New developments will add further complexity. The factual basis for Mr. Muller's guilty plea and the government's entire case is premised on the notion that the Movant was responsible for all events alleged, and that he acted alone. However, the victims have for the past four years consistently urged — in FBI interview, on national television, and now in sworn testimony — that they heard and perceived multiple people, one of whom appeared to be acting at times under

the duress of threats to his family.

Further, extensive fraud in the investigation of this matter has recently come to light. Investigations by both state and federal authorities have involved falsified reports, planted evidence, intentional misrepresentations in warrant affidavits that are fatal to any probable cause showing, perjured testimony, tampering with warrant documents including at least two forged judicial signatures, and other unlawful conduct. Prosecutors were aware of the unlawful conduct, and many of the illegalities were committed to cover up infirmities in their case. All of these circumstances are subject to proof, but require further investigation. Mr. Muller's family could not afford the expense of such inquiry, but it is expected that clear evidence of the fraud will be developed in conjunction with the state matter.

Mr. Muller remains indigent and his financial situation is as it was set forth in previous filings. Movant's parents are retired public school educators supporting their two other adult children, who are unable to work and at times unable to care for themselves due to psychiatric illness. Despite diligent efforts, he has been unable to obtain private counsel. If forced to proceed *pro se* without an abeyance in these proceedings, the defense of his pending state charges will suffer irreparable harm.

### III. AN ABEYANCE IS REQUIRED BECAUSE IT IS FUNDAMENTALLY UNFAIR TO REQUIRE THE MOVANT TO CHOOSE BETWEEN HARMING THE DEFENSE OF HIS STATE MATTER AND SACRIFICING HIS POSTCONVICTION CHALLENGE

Requests to hold a proceeding in abeyance are generally assessed under a flexible standard that considers the balance of the equities and matters of judicial management. *See, e.g.*, *Keiting v. Office of Thrift Supervisors*, 45 F. 3d 322, 324-25 (9th Cir. 1995). The Movant submits that the equities tip so sharply in the direction of an abeyance that due process requires one.

The Movant is presently defending against charges in state court that arise from the same alleged conduct at issue in this case. *See People v. Muller*, No. VCR231350 (Superior Ct. of Cal. for the County of Solano). Defense counsel appointed in the state matter has reviewed the filings in these proceedings and has met at length with Mr. Muller. He has advised Mr. Muller to seek an abeyance in this matter and has provided a sworn statement certifying that without such an abeyance, the defense of Mr. Muller's state matter will be irreparably harmed. Exhibit A. Discussion of the facts and defenses in this matter, which is to include disclosures of defense strategies and their strengths or weaknesses, will necessarily provide prosecutors an advantage in a case involving the same events. Further, statements made by Mr. Muller that are necessary to represent himself here are admissible against him in state court. This serious harm to the defense of Mr. Muller's state charges stands in contrast to the absence of any prejudice to the government from a delay.

### A. Even Good Faith Disclosures Made By Movant's Former Attorney For This Proceeding Will Prejudice the State Defense

Continued proceedings in this matter will require disclosure of attorney-client privileged information to assess whether or not representation by trial counsel was competent. The Court has directed trial counsel to submit an affidavit detailing his strategy in Mr. Muller's defense, and discussing the strength or weakness of a mental defense that trial counsel did not present. Even in a hypothetical situation that assumes trial counsel's good faith, such an affidavit would entail discussion of why Mr. Muller's defense was supposedly so weak that trial counsel advised him, in a non-capital case, to plead guilty under terms that would result in imposition of an actual or effective life sentence. This discussion would necessarily include strategic and factual details that may be used directly against Mr. Muller in his state matter. These disclosures

would also indirectly inform the state prosecution's strategy and provide an unfair advantage. This is so even if the affidavit is submitted under seal, as federal and state prosecutors and authorities are communicating with each other and have coordinated in the past.

**B.     Both the Nature of the Ineffective Assistance Alleged, And Trial Counsel's Subsequent Conduct, Show A Likelihood That Testimony He Offers Will Be Intentionally Damaging And In Bad Faith**

Given the nature of the conduct Mr. Muller's § 2255 motion averred, an assumption of trial counsel's good faith would be inappropriate in weighing the need for an abeyance. Trial counsel missed a crucial deadline. He then sacrificed his client's defense in order to cover it up and avoid the embarrassment of disclosing his mistake in a highly public case. The Court has received affidavits and a declaration from Mr. Muller, his parents who hired trial counsel, and his spouse. They describe how trial counsel's recommendations rapidly changed as soon as the government moved to pretermit a mental defense based on his missing a key deadline. Although Mr. Muller's family wanted to wait until they returned from out of state before any final decision was made, trial counsel lobbied them and Mr. Muller to quickly enter a guilty plea, providing specious advice to achieve that end. This in turn allowed trial counsel to take off calendar a scheduled hearing at which he would have had to explain his mistake.

This was far from the end of trial counsel's turpitudinous conduct. As set forth in the above declaration and affidavits, trial counsel next attempted to extort Mr. Muller's family to force withdrawal of the § 2255 motion detailing his misconduct. Trial counsel threatened that he knew the "deepest, darkest secrets" not just of Mr. Muller, but also of his family. He threatened that he would disclose the supposed secrets to the prosecution. The threat as to Mr. Muller presumably involves alleged offense conduct. As to the supposed secrets threatened to be

revealed about Mr. Muller's family, they have no notion what these might be, let alone how they would relate to Mr. Muller's defense.

This makes it all the more difficult to anticipate what misrepresentations trial counsel may make in his affidavit, and how they may affect Mr. Muller's state case. Most recently, trial counsel made false statements in an *ex parte* letter to Mr. Muller's state court judge, lying that both he and his associate had all-day hearing before this Court on the day they had been subpoenaed to testify about nonprivileged matters in the state case. Trial counsel presumably did not anticipate that Mr. Muller would obtain a copy of this *ex parte* letter to chambers and follow up to determine that his statements to the judge were false.

Trial counsel is a sophisticated litigant capable of strategic misrepresentations, and has a strong incentive to make them in his anticipated affidavit. Rebutting the misrepresentations will require discussion by Mr. Muller of privileged matters and disclosure of privileged documents. This would include a forensic mental health report detailing how trial counsel's proffered assessment of the Movant's mental health and responsibility was specious. That report includes information that could prejudice the Movant's state case, as discussed further below. Mr. Muller should not be required to harm his state defense as the price of confronting his former attorney's continuing misconduct and malfeasance.

### C. Discussion Of Mr. Muller's Mental Defense In This Matter Will Harm His Defense In A State Matter That Involves The Same Alleged Facts

It is in the nature of some mental defenses that bringing them requires not only acknowledgment of offense conduct, but also disclosure of very specific details. Those details could be essential to explaining and establishing the defense's merits. Their premature disclosure may prejudice a defendant's case by directing the prosecution to additional sources of evidence

or otherwise informing their strategy in the guilt phase of proceedings.

Besides the unfair advantage prosecutors may obtain from such disclosures, they could also be admitted into evidence against Movant as a defendant's own statements. The Movant has requested appointment of counsel in this matter, but it was denied and he is proceeding *pro se*. Under California law, even statements made by a defendant in his capacity as his own representative are admissible against him. *See, e.g., People v. Kiney*, 60 Cal.Rptr.3d 168, 151 Cal.App.4th 807, 814 (Cal.App. 2007). Discussion of a mental defense and trial counsel's malfeasance will require statements that an attorney representing Mr. Muller would make in the normal course of proceedings, but if made by Mr. Muller himself could be touted as inculpatory. Mr. Muller cannot effectively discuss a mental defense without discussing the facts alleged. Absent an abeyance, he will be required either to sacrifice pivotal arguments that could overturn a 40-year sentence, or sacrifice his defense to state charges carrying a life sentence.

### D. No Remedy Short of Abeyance Will Prevent Prejudice To Mr. Muller's State Defense

Further proceedings in this matter implicate two issues vis-à-vis the state court proceedings: (1) whether state prosecutors may use privileged information disclosed in these proceedings, and (2) whether Mr. Muller's statements in federal pleadings would be admissible against him in the state matter.

First, Mr. Muller will suffer prejudice from disclosure of privileged information whether or not it is sought to be admitted against him as evidence in state proceedings. Information disclosed here could be of strategic significance. Any hypothetical protective order seeking to prevent that use faces practical difficulties. In California law, the attorney-client privilege is "no mere peripheral evidence rule, but is held vital to the administration of justice." *Roberts v. City*

Case 2:15-cr-00205-TLN-EFB   Document 104   Filed 07/17/19   Page 9 of 18

*of Palmdale*, 20 Cal.Rptr.2d 330, 5 Cal.4th 363, 380 (Cal. 1993); *see also Cal. Bus. & Prof.* Code § 6068(e) (attorneys are to "maintain inviolate the confidence" of their clients "at every peril to" themselves). Protection extends beyond the matter of admissibility at trial.

Second, the admissibility of any privileged information or statements by Mr. Muller in pleadings will be a matter for the state court to decide, notwithstanding any protective order of this Court. Caselaw exists addressing the use of privileged information across separate prosecuting sovereigns, albeit not in this particular context. But the admissibility of a *pro se* defendant's statements in pleadings is not addressed. Any pronouncement by this Court on that issue "would constitute an unwarranted anticipatory interference in the prerogatives of state courts," in violation of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny. *Anderson v. Calderon*, 232 F.3d 1053, 1099 (9th Cir 2000).

It is well established that courts must "limit the scope of federal incursion into state criminal adjudications and [] safeguard the States' interest in the integrity of their criminal...proceedings." *William v. Taylor*, 529 U.S. 420, 436 (2000). Particularly in an area already fraught with intersovereign tensions, an abeyance is the most product course.

## IV. CONCLUSION

WHEREFORE proceedings should be held in abeyance pending disposition of the charges in the Movant's state case. Should an abeyance be denied, Mr. Muller respectfully requests a temporary stay of 14 days in which to seek review of the denial as a collateral order, and to seek interim relief staying proceedings until the completion of review.

///

Respectfully submitted,

Dated: July 14, 2019        Signed: _____
                            Matthew D. Muller
                            *In Pro Per*

## VERIFICATION

I, Matthew D. Muller, swear under penalty of perjury that the factual assertions made herein are true and correct. Done this fourteenth day of July, 2019, in Fairfield, California.

Respectfully submitted,

Signed: _____
Matthew D. Muller
*In Pro Per*

# EXHIBIT A

DUSTIN GORDON, SBN 205216
GORDON LAW OFFICE
601 Carolina Street
Vallejo, California 94590
Telephone (707) 563-1472
Fax (707) 553-7364

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Respondent,<br><br>vs.<br><br>MATTHEW MULLER,<br><br>        Movant. | Case No. 2:15-cr-00205 TLN-EFB<br><br>**DECLARATION OF STATE COUNSEL** |

DECLARATION OF COUNSEL

I, DUSTIN GORDON, declare as follows:

1.      I am counsel of record for Matthew Muller in Solano County Superior Court, *People v. Matthew Muller*, case number VCR231350, which is based on the same conduct that he was convicted of in this Court. I was appointed to represent Mr. Muller by the Solano County Superior Court on May 15, 2019. The statutory maximum for the charges in state court is life in prison.

2.      I am aware that Mr. Muller has filed a motion pursuant to 28 U.S.C. § 2255 attacking his federal conviction and that his motion is now pending in this Court. It is also my understanding that Mr. Muller is seeking a stay from this Court until his state case is resolved.

1

3. I am requesting that the Court grant Mr. Muller's request to stay his motion to vacate his conviction while his state case is pending. The procedural posture of Mr. Muller's cases is unique. Based on the same set of facts he is simultaneously being prosecuted in State court and attacking his Federal conviction based on an ineffective assistance of counsel claim. Litigating his ineffective assistance claim in this Court will require at least a partial waiver of the attorney client privilege, which will impugn upon the attorney client relationship in the State case.

4. Mr. Muller is now in the untenable position of defending against State charges that carry a maximum of life in prison while at the same time being faced with the possibility that his former attorney will make disclosures that were made in confidence. This is not a situation where a protective order is sufficient to guard against the potential harm to Mr. Muller.

5. Moreover, I am concerned that forcing Mr. Muller to proceed with his motion to vacate his conviction in this court will infringe on his Fifth Amendment right against self-incrimination in the State case. Since Mr. Muller is proceeding *pro per* in this Court any filing he makes can be construed as a party admission in the State case. *See People v. Kiney*, 151 Cal.App.4th 807 (2007) (statements made by defendant representing himself were admissible as party admissions).

6. Thus, I respectfully request that this grant Mr. Muller's request to stay the proceedings on his motion to vacate his conviction pending the conclusion of his State case.

I declare under penalty that the foregoing is true and correct to the best of my knowledge and belief, and is executed this 16$^h$ day of July 2019, in the city of Vallejo, County of Solano, State of California.

                                                                   S/Dustin Gordon

# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW MULLER,<br><br>Movant. | No. 2:15-cr-0205-TLN-EFB<br><br>**DECLARATION OF<br>HUEI J. DAI** |

I, Huei Dai, declarer:

    1.    I am Matthew Muller's spouse and agent. Together with his family, I have been trying to help him find an attorney we can afford.

    2.    Below is a list of attorneys, Matthew's family and I have met with or contacted. Some required a consultation fee to look at the case and say what they could do and what it would cost. We had a bad experience with one, where Matthew's family paid $2000 for a look by another attorney who said he should be able to at least get started without much more. But then he said it would cost a great deal more than we could pay because of case's complexity. We had other attorneys say that they could start for $10,000, but that all of it would likely be used up just learning the case.

3. The usual amount quoted was $30,000 to $50,000, with some much higher. And most of those said there may need to be more payments depending on how things went. We cannot afford even the initial amounts.

4. The attorneys we looked at are as follows. (Quite a few are outside Sacrament because this involves bad behavior by a local attorney that may be awkward for his colleagues living nearby to deal with.) Mark Reichel, Cristina Arguedas, Alan Ellis, Jonah Chew, Summit Defense, Michael Burt, Christine Linnenbach, Julia Jayne, Adam Gasner, Alin Cintean, and Richard Dudek.

5. We have had other expenses as well, like paying a licensed investigator $1000 to meet with Matthew at the jail to give or collect privileged documents to Matthew. The jail allows only attorneys and licensed investigators to do this.

6. We have made great efforts to find an attorney who we can afford, and have spent thousands on those efforts. We were not able to get Matthew an attorney.

I, Huei Dai, declare under penalty of perjury that the foregoing is true and correct. Done this fifteen day of July, 2019, in Union City, California.

Signed: _____
Huei J. Dai

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-0205-TLN-EFB |
|---|---|
| Respondent, | |
| v. | **CERTIFICATE OF SERVICE** |
| MATTHEW MULLER, | |
| Movant. | |

I, Huei Dai, certify that on July 17, 2019, I caused to be served the foregoing documents on the respondent. All parties to this matter are registered for electronic service.

Signed: _____
Huei J. Dai

- 1 -