MCGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
MATTHEW D. SEGAL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW MULLER,<br><br>Defendants. | CASE NO. 2:15-CR-00205-TLN-EFB<br><br>UNITED STATES' OPPOSITION TO AN INDEFINITE ABEYANCE OF PROCEEDINGS<br><br>DATE: TBD<br>TIME: 9:00 a.m.<br>COURT: Hon. Edmund F. Brennan |

## I.       INTRODUCTION

Comes now the United States, by and through the undersigned Assistant U.S. Attorney and submits its opposition in response to Matthew Muller's (Muller) Motion to Hold Proceedings in Abeyance. (ECF 104).  An indefinite abeyance of these proceedings is inappropriate considering the serious nature of the allegations raised by Muller in this matter.  The United States does not object to an abeyance of 45 days from August 15, 2019, which is current date set by the Court for the filing of the government's response to Muller's Motion to Vacate Sentence (ECF 61), Motion to Amend (ECF 75), and trial counsel's declaration in response to Muller's Motion to Vacate. (ECF 103).

## II.       PROCEDURAL POSTURE AND ANALYSIS

On July 17, 2019, Muller filed a motion to Hold Proceedings in Abeyance. (ECF 104).  Muller claims, among other things, that continuing litigation in his 2255, will irreparably harm his defense in the pending state case.  Muller requests an indefinite stay of 2255 proceedings until the resolution of his

state case.

In deciding whether to issue a stay or an abeyance, there are several competing interests the Court must balance:

> Among these competing interests are the possible damage which may result [to the party opposing a stay] from the granting of a stay, the hardship or inequity which a party [seeking a stay] may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of the issues, proof, and questions of law which could be expected to result from a stay.

CMAX, Inc. v. Hall, 300 F.3d 265, 268 (9th Cir. 1962).  Lengthy or indefinite stays are disfavored by Supreme Court and the Ninth Circuit. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059 (9th Cir. 2007); Landis v. North American Company, 299 U.S. 248 (1936).

The allegations raised in Muller's 2255 petition and those discussed in the instant motion are serious and should be decided sooner rather than later.  Entirely missing from Muller's motion is any indication as to when his state case might be concluded or even whether there is a current trial date.[1]  Given the complexity of the case and the volume of evidence, it may be several years before Muller's state case is completed.

Muller asserts that his defense in the pending state criminal case will suffer irreparable harm by proceeding in this matter and that no other remedy short of an abeyance will sufficiently protect him from that harm.  Muller does not discuss how or why this Court's order regarding the initial sealing of trial counsel's declaration and subsequent protective order are insufficient to ameliorate any perceived harm. (ECF 103).  State counsel's declaration claims that Muller's Fifth Amendment rights against self-incrimination might be infringed by further pro se filings by Muller in this Court.  These concerns are misplaced considering Muller's already-filed pleadings outlining facts material to his case.  Although Muller is representing himself before this Court, given his education in the law and legal writing ability, it cannot be said that he would either purposefully or inadvertently incriminate himself in further filings.

///

---

[1] Undersigned counsel attempted to ascertain whether there was pending trial date but was unable to do so.

### III. CONCLUSION

For all of these reasons, the United States opposes an indefinite abeyance of this matter. The United States does not object to an abeyance of 45 days from August 15, 2019, or until October 1, 2019, for the filing of the government's response to Muller's Motion to Vacate Sentence (ECF 61), Motion to Amend (ECF 75), and trial counsel's declaration in response to Muller's Motion to Vacate.

Dated:  July 31, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney