UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW MULLER,<br><br>Movant. | No. 2:15-cr-0205-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant Matthew Muller requests that the court stay proceedings on his motion under 28 U.S.C. § 2255 pending resolution of a state criminal prosecution against him. ECF No. 104. Respondent opposes an indefinite stay but not a limited 45-day stay. ECF No. 107. For the reasons that follow, the stay must be denied.

**I.  Governing Law**

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  However, habeas proceedings are supposed to be expeditious, so stays – particularly indefinite and potentially lengthy stays – are generally not appropriate. *Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000) ("[A]lthough a short stay may be appropriate in a habeas case to await a determination in a parallel case in the same court, . . . we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case.").

1

In determining whether to stay an action, the court must balance these competing interests: (1) possible damage to the party opposing the stay if a stay is granted; (2) hardship to the moving party if a stay is denied; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Savage v. United States*, 225 F. Supp. 3d 1159, 1161 (C.D. Cal. 2016).

**II.     Analysis**

Muller advances three justifications for a stay: (1) disclosure in this action of privileged attorney-client information to assess whether trial counsel rendered ineffective assistance could be used against Muller in a pending state prosecution that "arise[s] from the same alleged conduct" as this case; (2) trial counsel is likely to misrepresent facts in his affidavit to the court and rebutting his misrepresentations will require Muller to disclose information that could harm his defense of the state case; and (3) absent a stay, Muller will have to disclose information about the mental defense he asserts that trial counsel should have pursued, which will tip his hand in the state case and thus give state prosecutors an unfair advantage.

It is clear that Muller believes he will be harmed if the case goes forward, but his claims are difficult to assess. The court has ordered that trial counsel's declaration be initially filed under seal and indicated its intention to enter a protective order governing potentially privileged materials. ECF No. 103. Muller argues that the state court could possibly admit information covered by the protective order. But this is a speculative and highly uncertain possibility. Moreover, Muller has not informed the court (and he could have done so by seeking to file the information under seal) just what the privileged information is or how it could be used against him. The court simply has no basis for crediting Muller's conclusory claim that the information necessary to adjudicate this § 2255 motion could be used against him in the state case. Nor has he provided any basis for believing that the federal attorneys assigned to this matter would breach the protective order and share protected information with state authorities. Muller provides no expiration date for the stay or, in fact, any information about the state case beyond that it "arise[s] from the same alleged conduct" as this case. Simply put, the motion to stay consists of vague

claims of possible harm but does not provide the court with concrete information from which it can assess these claims.

Weighed against these vague claims are the government's interest in moving the case forward and the interest of justice in adjudicating Muller's claims before witnesses' memories fade or evidence becomes lost or otherwise unavailable. Absent specific information from Muller explaining how exactly he is likely to be prejudiced in his state case, the court should not indefinitely stay this action. For the same reasons, there is no cause to delay the case by 45 days, as suggested by the government, or by 14 days, as Muller alternatively requests (while he seeks interlocutory review of any order adopting this recommendation). Trial counsel's affidavit is to be filed under seal. A protective order governing attorney-client privileged information will issue thereafter. If Muller finds that he must provide information to the court that he believes would harm his state defense, he may seek to provide that information under seal as well. With these protective measures in place and no concrete facts from which to assess Muller's claims of prejudice, a stay is unwarranted at this time.

**III.     Recommendation**

Accordingly, it is hereby RECOMMENDED that Muller's July 17, 2019 motion to stay these proceedings (ECF No. 104) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3