Attachment 3

**From:**       Tom Johnson <taj@jgrlawfirm.com>
**Sent:**        Friday, March 11, 2016 8:20 AM
**To:**          Segal, Matthew (USACAE); Coppola, Heiko (USACAE)
**Subject:**    Matt Muller Offer

Matt/Heiko:

We are prepared to file Rule 12 Motions today but I think it is appropriate that we re-set the schedule. I am trying to resolve the matter short of motions and further litigation. I am writing with the knowledge that our negotiations are private until a public resolution can be reached.

I am writing also with authority to resolve the matter. What I propose is not a discussion point but an offer in fact. We propose the following: A guilty plea to the federal indictment. A factual basis that includes uncharged acts from 2009. A formal agreement from El Dorado County and Solano County that no state charges will be filed for conduct committed by Mr. Muller in the respective counties.

A term of imprisonment of 384 months (32 years) to 480 months (40 years) with each party having the ability to argue within that range. I understand that you will want a comprehensive factual basis and the ability to argue dangerousness based upon those admitted facts. I will be arguing for leniency based upon mental health issues that can be addressed and controlled.

Matt Muller is turning 39 this year. With a 40 year sentence he will be released at age 73. In most states, people receive sentences of 25-40 years for underlined_actually taking the life of another with premeditation and deliberation. What he did was terrible. The kidnapping and sexual assault of Ms. Huskins was an act that deserves a significant prison term. But let's not lose sight of the fact that no one was killed or even physically injured. The emotional toll of a rape lasts a lifetime, but an act of rape in California is punished by a term of 3, 6 or 8 years. Please don't punish the planning-punish the act itself. There was no money lost, there were no lives lost...and a 40 year sentence is actually a life sentence in all likelihood.

The motion to suppress has some vitality, but undoubtedly will be lost in the District Court. The phone was searched and we will be fighting about abandonment and exigency...but it has life...even if only a flicker. It will most assuredly find greater life in the Ninth Circuit.

The case itself is messy and I know now why Vallejo was concerned. The lives of Ms. Huskins and Mr. Quinn were full of...complications. My sense is that they do not want a criminal trial in a federal courtroom, ever. I started trying rape cases in 1987. I supervised the sexual assault unit and 30 years of experience informs me that every rape case is a difficult case in front of a jury.

I would like to meet to discuss further, but this is an offer I know you will thoughtfully consider.

Thank you for the time and prompt delivery of discovery.

Tom Johnson

**Thomas A. Johnson**
**JOHNSON, GREENE & ROBERTS LLP**
400 Capitol Mall, Suite 1620

1

Sacramento, CA 95814
P: (916) 442-4022
F: (916) 442-4262
taj@jgrlawfirm.com

**CONFIDENTIALITY NOTICE:** This communication may contain matter that is protected by the attorney-client privilege or other legal privileges, and any unauthorized disclosure, distribution, or copying of this message or its attachments is prohibited. If you received this communication in error, please destroy it and notify Cindy Cintas Pilon as soon as possible by e-mail at ccp@jgrlawfirm.com, or by telephone at (916) 753-1300. Thank you.