# Attachment 4

**From:**          Segal, Matthew (USACAE)
**Sent:**          Thursday, August 25, 2016 5:36 PM
**To:**            Tom Johnson (taj@jgrlawfirm.com); Coppola, Heiko (USACAE)
**Subject:**       Muller
**Attachments:**   Johnson Letter With Plea Deadline.pdf


Tom,
Attached please find a letter regarding a plea offer in U.S. v. Muller.  The offer merits your prompt attention, as it has an expiration date of September 15, 2016.
-Matt



**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*Eastern District of California*

*Phillip A. Talbert*
*Acting United States Attorney*

| 501 I Street, Suite 10-100 | Phone 916/554-2700 |
| Sacramento, CA 95814 | Fax   916/554-2900 |
| | TTD  916/554-2855 |

August 25, 2016

VIA ELECTRONIC MAIL

Thomas A. Johnson, Esq.
Johnson, Greene, & Roberts LLP
400 Capitol Mall, Suite 1620
Sacramento, CA  95814

Re: *United States v. Matthew Muller*
    2:15-cr-205 TLN

Dear Mr. Johnson:

Earlier, the Government informally advised you that it would not impose a plea bargaining deadline until after Mr. Muller had opportunity to litigate his motion to suppress.  But that time has passed and the Government will soon begin preparing for trial.  If Mr. Muller wants a plea agreement in which the United States agrees to limit its sentencing recommendation to a prison term of forty years, he must sign a plea agreement and enter his plea by **September 15, 2016**.

Mr. Muller faces a very substantial risk of receiving a life sentence in this case.  An ordinary application of just Chapters 2 & 3 of the Sentencing Guidelines favors imposition of a life sentence:

| **U.S.S.G. § 2A4.1** | **Kidnapping, Abduction, Unlawful Restraint** | |
| (a) | Base Offense Level | 32 |
| (b)(1) | A ransom demand was made. | +6 |
| (b)(3) | A water pistol was used to simulate a dangerous weapon | +2 |
| | § 2A4.1 Application Note 2, § 1B1.1 Application Note 1(D) | |
| (b)(5) | Victim was sexually exploited | +6 |
| | | |
| **U.S.S.G. § 3E1.1** | **Acceptance of Responsibility** | |
| (a) | Acceptance | -2 |
| (b) | Acceptance prior to government trial preparation | -1 |

Total Offense Level and Sentence at CHC I                    **43 = Life**

There is also an upward departure basis that is tailor-made to this case. There is sufficient evidence for the Court to find that Mr. Muller is a dangerous repeat offender. Thus, while Mr. Muller may technically be in Criminal History Category I, the Court might decide that the lowest category "substantially underrepresents the seriousness of the defendant's criminal history [and] the likelihood that the defendant will commit other crimes[.]" U.S.S.G. § 4A1.3(a)(1). It would be entirely appropriate for the Court to exercise its discretion to depart upward to reflect Mr. Muller's crimes in Dublin (2015), Mountain View (2009), and Palo Alto (2009 and 2012). *See* U.S.S.G. § 4A1.3(a)(2)(D)-(E). The Government could put on an impressive evidentiary hearing featuring the testimony of the other women against whom Mr. Muller has offended.

Muller may be remorseful and he may offer evidence of some psychiatric diagnosis. But the mitigating effect of all of that will be weak in light of what Muller, his doctors, and his Harvard faculty advocate told the California Bar after Muller's crime spree on the Peninsula.

It is very rare for the Government to recommend a sentence of forty years or life. But such a sentencing recommendation will be supported by the seriousness of Muller's crime, the guidelines, and victim impact statements that will hush the courtroom to a crypt-like quiet. If Muller timely pleads guilty in response to this offer, he will save scarce criminal justice resources and give all parties closure and certainty. Sentencing acknowledges those benefits and so does this offer. But otherwise, the Government is likely to be in a very strong position to ask for a guidelines sentence of life.

You are reasonably concerned that Mr. Muller faces potential state court prosecution for crimes he committed in Solano County and elsewhere. But this Office cannot give Mr. Muller protection from state court prosecution. District attorneys in multiple counties will be free to exercise their judgment in light of what happens in this case.

The prosecutors have been patient up to this point. But if Mr. Muller wants a deal for less than a life sentence, now is time for him to decide.

Sincerely,

PHILLIP A. TALBERT
Acting United States Attorney

By:  /s/ Matthew D. Segal
MATTHEW D. SEGAL
HEIKO P. COPPOLA
Assistant United States Attorneys

2