MCGREGOR W. SCOTT
United States Attorney
MATTHEW D. SEGAL
HEIKO P. COPPOLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>MATTHEW MULLER<br><br>                    Defendant. | CASE NO. 2:15-CR-205 TLN<br><br>UNITED STATES' CONSOLIDATED RESPONSE TO DEFENDANT'S "EMERGENCY MOTION" AND OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |

This filing responds to two substantially-identical filings: the defendant's Emergency Motion for Stay of 180 Days; in the Alternative, Notice of Withdrawal of Ineffective Assistance Claim and Revocation of Any Implied Waiver of Privilege (Dkt. 114); the defendant's Objections to Magistrate Judge's Findings and Recommendations (Dkt. 115).

The Court should adjudicate defendant's claims on their merits unless the defendant withdraws them without any attempt at qualifying the withdrawal. There is certainly no reason to stay proceedings pending the state trial, and the defendant should not be allowed to withdraw his ineffective-assistance-of-counsel claim in an ambiguous way. The defendant, who used to practice law, currently says that if proceedings are not stayed, he wants to withdraw his claim while "objecting under the Fifth and Sixth Amendments and under the Suspension Clause."[1] Def. Mot. at 2. The Government asks that the Court

---

[1] "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." U.S. Const., Art. I, § 9, Cl. 2.

U.S. Consolid. Resp. to Def's "Emerg. Mot." and           1
Objs. to F&Rs

stay proceedings for one week, which should be enough time for the defendant to file this simple, unqualified statement: "I withdraw my claim of ineffective assistance of counsel." If the defendant is unwilling to withdraw his claim without qualification, the Court should proceed to adjudicate it.

The core of the defendant's request for a stay is that the litigation of his ineffective-assistance claim requires disclosure of attorney-client-privileged information that a prosecutor could use as proof that Muller kidnapped and raped Victim 1. Muller's filing focuses on his pending state court prosecution for kidnapping for rape. But, really, Muller is in the same position of any other collateral attack petitioner. Even if Muller were to prevail in his section 2255 motion and have his federal sentence and conviction vacated, the government would then prepare for a jury trial on the federal kidnapping indictment.

The Ninth Circuit has considered the argument that "[A] broad waiver would force [a habeas petitioner] to the painful choice of, on the one hand, asserting his ineffective assistance claim and risking a trial where the prosecution can use against him every statement he made to his first lawyer and, on the other hand, retaining the privilege but giving up his ineffective assistance claim." *Bittaker v. Woodford*, 331 F.3d 715, 723 (9th Cir. 2003) (en banc). The Ninth Circuit has held that it is sufficient protection to allow the petitioner to withdraw his claim or have the habeas court craft a protective order. *Id.* at 721. The defendant is *not* entitled to a stay of proceedings. He has no good answer to *Bittaker*.

The authority cited by the defendant is inapposite. The Seventh Circuit in *Purvis* required that a federal collateral attack of a career offender sentence be stayed pending state collateral attack proceedings that challenged the prior state conviction that had triggered a federal "three strikes" career offender sentencing enhancement. *Purvis* is limited to when the state proceedings attack a prior conviction that affect a subsequent federal sentence. The Seventh Circuit expressly limited the rule:

> We caution that the "stay and abeyance" of unripe *Johnson* claims should be limited to narrow circumstances where there is good cause for the petitioner's stay request, the claim is potentially meritorious, and there is no indication that the petitioner is engaging in dilatory tactics.
>
> In his stay request, Purvis indicated that a state court decision to vacate his predicate conviction was eminent and that his attorney and the prosecutor had agreed to vacate his conviction and plead down his initial charge. Moreover, there is no evidence that Purvis was engaging in dilatory tactics.

*Purvis v. United States*, 662 F.3d 939, 945 (7th Cir. 2011), citing *Rhines v. Weber*, 544 U.S. 269, 275 (2005).  These circumstances do not obtain in this case.

Defendant's conclusory claims of prejudice in state court are no basis upon which to grant a further lengthy continuance.  Muller's specific claim that it was improper for the government to disclose his history of plea discussions is without merit.  In state court pretrial practice, Muller is apparently promoting some kind of fantasy that the government wrongfully omitted to investigate his kidnapping "group."  He perhaps is unhappy that the government has filed the offered plea agreement, which he rejected, in which Muller was invited to provide information against others in exchange for an opportunity for leniency.  *See* U.S. Resp. to § 2255, Attachment 2, ¶ II.D.  Plea discussions are generally inadmissible, but they are not confidential.  *See* Fed. R. Evid. 410.  And, anyway, Muller's plea agreement contains a Rule 410 waiver.  *See* Dkt. 43, Plea Agr., ¶ II.D.  Muller's second notion, that his federal attorney's communications with the prosecutor are somehow confidential work product is also without merit.  Disclosure of work product to the government waives work product protection.  *See, e.g., United States v. Massachusetts Inst. of Tech.*, 129 F.3d 681, 684 (1st Cir. 1997); *United States v. Reyes*, 239 F.R.D. 591, 603 (N.D. Cal. 2006).  "Once a party has disclosed work product to one adversary, it waives work product protection as to all other adversaries." *United States v. Bergonzi*, 216 F.R.D. 487, 498 (N.D. Cal. 2003).

The defendant is entitled to withdraw his ineffective-assistance claim.  But in the interest of finality, the Court should require that the withdrawal be unqualified and unequivocal.  He should be required to submit such a waiver within seven days.

Dated:  August 29, 2019

Respectfully submitted,

MCGREGOR W. SCOTT
United States Attorney

By:  /s/ MATTHEW D. SEGAL
MATTHEW D. SEGAL
Assistant United States Attorney

U.S. Consolid. Resp. to Def's "Emerg. Mot." and Objs. to F&Rs

3

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on August 29, 2019, she served a copy of the UNITED STATES' CONSOLIDATED RESPONSE TO DEFENDANT'S "EMERGENCY MOTION" AND OBJECTIONS TO FINDINGS AND RECOMMENDATIONS, by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Sacramento, California.

Addressee:

Matthew Muller
1684 Decoto Rd., #274
Union City, CA 94587

Dated:  August 29, 2019

By:  /s/ Samantha Kenny
SAMANTHA KENNY

U.S. Consolid. Resp. to Def's "Emerg. Mot." and Objs. to F&Rs

4