1                    IN THE UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF CALIFORNIA
2

3      United States of America,
             Plaintiff,
4
       vs.                                Sacramento, California
5                                         No. 2:15-cr-00205
       Matthew D. Muller,                 Thu., Sep. 29, 2016
6            Defendant.                    10:28 a.m.
       _____/
7
                       TRANSCRIPT OF CHANGE OF PLEA
8         BEFORE THE HONORABLE TROY L. NUNLEY, DISTRICT JUDGE
                            ---oOo---
9

10     APPEARANCES:

11      For the Plaintiff:            United States Attorney
                                      501 I Street, Suite 10-100
12                                    Sacramento, California  95814
                                      By:  Matthew Dean Segal
13                                    Heiko Philipp Coppola
                                      Assistants U.S. Attorney
14

15      For the Defendant:            Johnson, Greene & Roberts,
                                      LLP
16                                    400 Capitol Mall, Suite 1600
                                      Sacramento, California  95814
17                                    By: Thomas A. Johnson
                                      Attorney at Law
18

19

        Official Court Reporter:      Kimberly M. Bennett,
20                                    CSR, RPR, RMR, CRR
                                      501 I Street
21                                    Sacramento, CA 95814

22

23      Proceedings recorded by mechanical stenography, transcript
        produced by computer-aided transcription
24

25

1          (Court called to order, 10:28 a.m.)

2               THE CLERK:  Calling criminal case 15-205; United

3    States versus Matthew D. Muller.  On for change of plea.

4               MR. SEGAL:  Good morning, Your Honor.  Matthew Segal

5    and Heiko Coppola for the United States.

6               MR. JOHNSON:  Good morning, Your Honor.  Tom Johnson

7    on behalf of Matthew Muller.  He's present in court, in

8    custody.

9          May I have a moment with my client, Your Honor?

10              THE COURT:  Yes, you may.

11         (Pause in proceedings.)

12              MR. JOHNSON:  Thank you, Your Honor.

13              THE COURT:  All right.  You have a written plea

14   agreement?

15              MR. COPPOLA:  Yes, Your Honor.

16              THE COURT:  All right.

17              THE CLERK:  Thank you.

18              THE COURT:  All right.  The Court has been provided

19   with a written memorandum of plea agreement which the Court

20   understands represents the agreement of the parties.

21         Is that correct?

22              MR. SEGAL:  Yes, Your Honor.

23              MR. JOHNSON:  It does.

24              THE COURT:  Thank you.  All right.

25         Mr. Johnson, does your client still wish to enter a plea of

1    guilty?

2              MR. JOHNSON:  He does.

3              THE COURT:  Madam clerk, please administer the oath.

4              THE CLERK:  Yes, Your Honor.

5         Please raise your right hand.

6         (Defendant sworn.)

7              THE DEFENDANT:  I do.

8              THE CLERK:  Thank you.

9              THE COURT:  Mr. Muller, do you understand that after

10   having been sworn by my clerk your answers to my questions will

11   be subject to the penalties of perjury for making a false

12   statement if you do not answer truthfully?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Sir, there are a number of questions I

15   will ask you to make sure this is a valid plea.  If you do not

16   understand any of the questions I ask you, or if at any time

17   you need to speak with your attorney, please say so.  It is

18   very important that you understand each question before you

19   answer.

20        Do you understand what I've just said?

21             THE DEFENDANT:  I understand, Your Honor.

22             THE COURT:  All right.

23        All right.  Sir, what is your -- please state your true and

24   correct name for the record.

25             THE DEFENDANT:  Matthew Daniel Muller.

1                    THE COURT:  What is your date of birth?

2                    THE DEFENDANT:  March 27, 1977.

3                    THE COURT:  What is your highest level of formal

4     education?

5                    THE DEFENDANT:  Law school.

6                    THE COURT:  And what is your current or most recent

7     occupation?

8                    THE DEFENDANT:  Lawyer, sir.

9                    THE COURT:  And have you ever been treated for any

10    mental illness?

11                   THE DEFENDANT:  Yes, Your Honor.

12                   THE COURT:  Are you currently being treated for a

13    mental illness?

14                   THE DEFENDANT:  Yes, Your Honor.

15                   THE COURT:  I want you to describe for me, if you

16    will, what type of medications are you currently taking?

17                   THE DEFENDANT:  Your Honor, I receive mood

18    stabilizers, antidepressants, and an antipsychotic.

19                   THE COURT:  All right.  Now, are those medications

20    affecting your ability to understand everything that's going on

21    here this morning?

22                   THE DEFENDANT:  No, Your Honor.

23                   THE COURT:  All right.  If at any time you need me to

24    stop because you don't understand anything, let me know.

25        Is that understood?

1          THE DEFENDANT:  I understand, Your Honor.

2          THE COURT:  All right.  Great.

3     Have you ever been treated for addiction to drugs or

4     alcohol?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  Are you under the influence of any drug

7     or alcohol today?

8          THE DEFENDANT:  No, Your Honor.

9          THE COURT:  Have you consumed any drugs or alcohol in

10    the last 24 hours?

11         THE DEFENDANT:  No, Your Honor.

12         THE COURT:  Do either counsel know of any reason why

13    the defendant is not competent to enter a plea here today?

14         MR. SEGAL:  I do not, Your Honor, but I believe that

15    Mr. Johnson is going to elaborate on that and I would ask that

16    the Court inquire with a little more specificity -- or maybe it

17    was planning on doing so later -- about the defendant's

18    psychological diagnosis and the specific medications that he's

19    under.

20         THE COURT:  All right.  Well, the reality is this, I

21    believe the defendant has just stated some of the medications

22    or the medication that he's on.  That's enough of an inquiry at

23    this time.

24    I think the issue, really, is whether or not either side

25    believes he's not competent to proceed any further.  And the

1  fact that he's here, and I believe Mr. Johnson can speak to

2  that, maybe the government can, but, quite frankly, based upon

3  the Court's observations, and the Court could declare doubt,

4  right now I don't have any doubts that he's competent or

5  otherwise not ready to proceed.  I can only question him to the

6  extent that I can.

7      But, in any event, Mr. Johnson, do you wish to be heard?

8          MR. JOHNSON:  Your Honor, I have no information that

9  would indicate Mr. Muller is incompetent.  Mr. Muller and I

10 have met over a couple of dozen times over the past year.  I've

11 met with Mr. Muller three times in the last, say, five or six

12 days just to confirm the decisions that we were making.  I have

13 no information from those meetings that would indicate that he

14 is not prepared to do this today.

15     Mr. Muller is asking that you accept this plea and it was

16 arrived at after significant amounts of time and resources in

17 terms of negotiations which Mr. Muller was aware of.  And we're

18 standing here today trying to resolve the case.  I think that's

19 a sufficient inquiry.

20          THE COURT:  All right.  Anything further?

21          MR. SEGAL:  No, Your Honor.  Thank you.

22          THE COURT:  All right.

23     Is that correct, sir?  You heard what your attorney just

24 said, correct?

25          THE DEFENDANT:  I understand, sir.

1                    THE COURT:  Is what he stated correct?

2                    THE DEFENDANT:  Yes, it is.

3                    THE COURT:  All right.  Thank you very much.

4          All right.  Are you fully satisfied with the representation

5     and advice given to you in this case by your attorney,

6     Mr. Johnson?

7                    THE DEFENDANT:  I am, Your Honor.

8                    THE COURT:  All right.  And, to your knowledge, did

9     your attorney meet with the government's attorney concerning

10    your change of plea, which led to the preparation of this

11    written plea agreement that you've signed and submitted to the

12    Court?

13                   THE DEFENDANT:  Yes, Your Honor.

14                   THE COURT:  All right.  And are you entering your

15    guilty plea pursuant to the express terms of this written plea

16    agreement?

17                   THE DEFENDANT:  I am, Your Honor.

18                   THE COURT:  Counsel, were there any previous plea

19    agreements that were conveyed to the defendant that were

20    rejected?

21                   MR. JOHNSON:  Yes.

22                   THE COURT:  Is that correct?

23                   MR. SEGAL:  There was one.

24                   THE COURT:  All right.  Is that correct, sir?

25                   THE DEFENDANT:  Yes, sir.

1          THE COURT:  I want you to listen very carefully.

2      I don't want you to tell me about the content of any

3  discussion between you and your attorney because as you well

4  know that's privileged, that's attorney-client privilege.  I

5  don't want you to tell me about any of the terms of any

6  previous plea agreement or previous plea offer that was made by

7  the government.  This Court is not involved in plea

8  negotiations and states no opinion regarding your decision

9  whether to plead guilty or proceed to trial.  I'm simply going

10  to ask you a couple of questions, and I request only a yes or

11  no answer to each question.  So listen carefully.

12      Did you discuss with your attorney the previous plea offer

13  made by the government?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  All right.  And are you satisfied that

16  prior to rejecting that offer you had a full and complete

17  opportunity to discuss the offer with your attorney?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  All right.  And are you entering your

20  plea of guilty voluntarily?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Are you entering this plea because you

23  are in fact guilty?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Mr. Muller, I want you to listen very

1  carefully to the government as they describe the terms of the

2  plea agreement involved in this case.

3       Please, proceed.

4            MR. SEGAL:  Thank you, Your Honor.

5       Your Honor, the scope of this plea agreement is that it is

6  only -- it's between the defendant and only the United States

7  Attorney's Office for the Eastern District of California.  It

8  cannot bind any other federal, state, or local prosecuting,

9  administrative, or regulatory authority.

10      Also, the Court is not a party.  So, Your Honor, the

11  defendant understands that Your Honor can sentence the

12  defendant to any lawful sentence and if -- and that will not by

13  itself allow the defendant to withdraw his plea.  The defendant

14  understands that.

15      The defendant agrees to plead guilty to the sole count of

16  the indictment that was filed on October 1, 2015 that charges

17  kidnapping.  He agrees he's in fact guilty and he agrees to the

18  factual basis.

19      He reserves the right to argue that he's unable to pay a

20  fine but he agrees to pay any fine the Court might order.

21      He knows there is a $100 special assessment.

22      There is a provision for what would happen if the defendant

23  violated the plea agreement or withdrew his plea or attempted

24  to do so.

25      The government, for its part, agrees not to prosecute the

1   defendant for any additional crimes that are complete on the

2   date of the plea agreement and based on the facts set forth in

3   Attachment A but that agreement has certain limits to it that

4   are set forth in the plea agreement.

5       The government agrees not to ask the Court to sentence the

6   defendant to a term of imprisonment in excess of 40 years.

7       The government may argue for all of the guidelines'

8   applications and policy statements identified in the plea

9   agreement so long as its ultimate sentencing recommendation

10  does not exceed 40 years based on the guidelines, 3553(a), and

11  this plea agreement.

12      At the same time, the defendant has to accept

13  responsibility and the government reserves the right to argue

14  that he did not based on the things set forth in the guidelines

15  criteria.  If the defendant does not accept responsibility, the

16  government is relieved of its recommendation obligation.

17      The plea agreement sets forth the elements of the offense,

18  the maximum sentence, warns the defendant about certain

19  guidelines -- sentencing guidelines.

20      The plea agreement has a special condition about the

21  supervised release term that we'll be agreeing upon.  And

22  essentially it is that the defendant should be subject upon

23  release to the most intensive supervision, surveillance, and

24  monitoring that is technologically available at the time of his

25  release.

1           The defendant retains the right to ask the Court to vary

2      from the applicable guidelines range pursuant to 18 USC

3      Section 3553(a) and ask for any sentence he wants.

4           The defendant waives his various constitutional rights

5      associated with trial.  He unconditionally waives appeal.  He

6      waives collateral attack -- all non-waivable collateral attack

7      claims -- excuse me, I said that the wrong way.  All waivable.

8      He waives all waivable collateral attack claims.

9           The plea agreement makes clear that it is the entire plea

10     agreement between the United States and the defendant, the US

11     Attorney's Office and the defendant, there is nothing else.

12          And finally, at the end there is a factual basis for the

13     plea.

14               THE COURT:  All right.  Mr. Muller, did you hear what

15     the government's attorney just said, sir?

16               THE DEFENDANT:  Yes, Your Honor.

17               THE COURT:  Are those the terms of your plea

18     agreement with the government as you understand them?

19               THE DEFENDANT:  They are, Your Honor.

20               THE COURT:  Has anyone made any other promise to you

21     of any kind in an effort to induce you to enter a plea of

22     guilty in this case?

23               THE DEFENDANT:  No, Your Honor.

24               THE COURT:  Has anyone threatened you or attempted to

25     force you to enter a plea of guilty in this case?

1             THE DEFENDANT:  No, Your Honor.

2             THE COURT:  Sir, are you a citizen of the United

3    States?

4             THE DEFENDANT:  Yes, Your Honor.

5             THE COURT:  Have you ever been convicted of a felony

6    before?

7             THE DEFENDANT:  Yes, Your Honor.

8             THE COURT:  All right.  Are you currently on

9    probation or parole for any other criminal offense?

10            THE DEFENDANT:  No, Your Honor.

11            MR. JOHNSON:  Mr. Muller is pending sentencing in --

12            THE COURT:  Contra Costa County.

13            MR. JOHNSON:  Yes.

14            MR. SEGAL:  Alameda.

15            MR. JOHNSON:  Excuse me, Alameda County.

16            THE COURT:  Where was it?  Was it Vallejo?

17            MR. JOHNSON:  No.

18            MR. SEGAL:  Do you want me --

19            THE COURT:  Go ahead.

20            MR. JOHNSON:  I think I can do this.  Thank you,

21   Mr. Segal.

22            THE COURT:  Go ahead.

23            MR. JOHNSON:  Mr. Muller pled guilty to several state

24   offenses, received a -- will receive a concurrent term to this

25   term, but that sentencing is pending.

1             THE COURT:  What county is it?

2             MR. JOHNSON:  Alameda.

3             THE COURT:  All right.  Thank you.

4        Is that correct?

5             MR. SEGAL:  Yes, Your Honor.  Mr. Johnson was there.

6             THE COURT:  All right.  Thank you.

7        All right.  Sir, although you've pled to offenses elsewhere

8    in state court, at this time you're not on probation or parole

9    through this Court so I can't -- this offense would not violate

10   any probation or parole.  And I think your counsel adequately

11   stated what the sentencing parameters are between state and

12   federal court.

13        Is that understood?

14            THE DEFENDANT:  Yes, Your Honor.

15            THE COURT:  In addition, the Court may require you to

16   forfeit certain property to the government.

17        And furthermore, I am required to tell you that if you are

18   subject to prosecution for a pending state charge, this Court

19   lacks the authority to run the federal sentence concurrent with

20   any future sentence you may receive.

21        Is that understood?

22            THE DEFENDANT:  Yes, Your Honor.

23            THE COURT:  All right.  The maximum possible penalty

24   provided by law for a plea of guilty to kidnapping in violation

25   of 18 USC Section 1201 is life imprisonment, a fine of up to

1    $250,000, a special assessment of $100, a period of supervised

2    release of up to five years.

3         In the event you are released from prison and placed on

4    supervised release and you violate any of the terms of that

5    supervised release you could be sent back to prison for an

6    additional five years.

7         Further, a plea of guilty could result in the loss of the

8    right to receive government services and benefits pursuant to

9    21 USC Sections 862 and 862(a).

10        The Court may also order you to provide notice of your

11   conviction to any victims of the offense pursuant to 18 USC

12   Section 3555.

13        Mr. Muller, under the Sentencing Reform Act of 1984, the

14   United States Sentencing Commission has issued advisory

15   guidelines for courts to consider in determining the sentence

16   in a criminal case.

17        In addition, there are statutory sentencing factors in 18

18   USC Section 3553(a) which require the Court to consider the

19   nature and circumstances of the offense and the history and

20   characteristics of the defendant.

21        Sir, have you and your attorney discussed how the advisory

22   Sentencing Commission Guidelines and the statutory sentencing

23   factors might apply to your case?

24              THE DEFENDANT:  Yes, Your Honor.

25              THE COURT:  Do you understand how the advisory

1    guidelines and statutory factors might apply to your case?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Do you also understand that this Court

4    will not be able to determine the sentence you will receive

5    until after the Court has reviewed all of the advisory

6    sentencing guidelines, the statutory factors, the presentence

7    report, and after you, your attorney, and the government's

8    attorney have had an opportunity to speak at your sentencing

9    hearing?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  And do you also understand that if the

12   government has agreed to make any nonbinding recommendations to

13   this Court regarding your sentencing and if this Court does not

14   accept those nonbinding recommendations you will still be bound

15   by your plea and will have no right to withdraw that plea?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Do you also understand that after it has

18   been determined what advisory sentencing guidelines apply to

19   your case, this Court does have the authority in some

20   circumstances to impose a sentence that may be higher or lower

21   than the sentence called for by the advisory guidelines?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Do you also understand that parole has

24   been abolished in the federal system and that you will not be

25   released on parole after you're sentenced to prison?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand that by entering this

3    plea of guilty you will have waived or given up your right to

4    collaterally attack or appeal all or any part of this plea, the

5    conviction, and/or any sentence I impose?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Counsel, are you satisfied there's been a

8    knowing and voluntary waiver of the right to collaterally

9    attack or appeal the plea, the conviction, or sentence by your

10   client?

11         MR. JOHNSON:  Yes, Your Honor.

12         THE COURT:  All right.  Mr. Muller, do you understand

13   that at this time you do have a right to continue to plead not

14   guilty to this offense?

15         THE DEFENDANT:  I understand, Your Honor.

16         THE COURT:  Sir, if you do plead not guilty, you have

17   the following constitutional rights:

18       You have a right to a trial by jury.

19       You have a right to be presumed innocent.

20       You have a right to have the government prove your guilt

21   beyond a reasonable doubt.

22       You have the right to an attorney and if you cannot afford

23   one to have one appointed at no cost to you.

24       You have a right to present a defense to the charge.

25       You have a right to see and hear all witnesses and evidence

1    that will be presented against you and to cross-examine those

2    witnesses at trial.

3         You have the right to use the power of this court to bring

4    in witnesses and evidence on your behalf in order for you to

5    present your defense.

6         You have a right to remain silent.

7         You have a right to not have your silence or decision to

8    not present evidence at the trial used against you.

9         Do you understand each of your constitutional rights as

10   I've just outlined them to you?

11              THE DEFENDANT:  Yes, Your Honor.

12              THE COURT:  With the exception of your right to

13   counsel which you are clearly exercising at this time, do you

14   give up your constitutional rights at this time?

15              THE DEFENDANT:  I do, Your Honor.

16              THE COURT:  And I should say, do you give up each of

17   your constitutional rights at this time and enter a plea of

18   guilty?

19              THE DEFENDANT:  Yes, Your Honor.

20              THE COURT:  All right.

21        Counsel, you join in your client's waiver of all

22   constitutional rights?

23              MR. JOHNSON:  Yes, Your Honor.

24              THE COURT:  All right.

25        I want you to listen carefully while the government states

1   each of the essential elements of this charge so that I can be

2   assured you understand this offense before I accept your guilty

3   plea.

4        Please, proceed.

5            MR. SEGAL:  Thank you, Your Honor.

6        Your Honor, at trial the government would have to prove

7   beyond a reasonable doubt the following elements of the offense

8   to which the defendant is pleading guilty, kidnapping:

9        First, the defendant kidnapped, seized, or confined Denise

10  Huskins.

11       Second, the defendant held Denise Huskins for ransom,

12  reward, or other benefit.

13       Third, the defendant used or caused to be used an

14  instrumentality of interstate or foreign commerce in committing

15  or in furtherance of the kidnapping.

16           THE COURT:  Did you hear what the government's

17  attorney just said?

18           THE DEFENDANT:  I did, Your Honor.

19           THE COURT:  Sir, do you understand that charge?

20           THE DEFENDANT:  Yes, Your Honor.

21           THE COURT:  Mr. Muller, attached to the written

22  memorandum of plea agreement is a factual basis for the guilty

23  plea as contained within Exhibit A.

24       Have you read Exhibit A?

25           THE DEFENDANT:  I have, Your Honor.

1                THE COURT:  Did you sign and date Exhibit A?

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  And you agree with the factual basis in

4     Exhibit A?

5                THE DEFENDANT:  I do, Your Honor.

6                THE COURT:  Do you agree that it describes your

7     conduct in this case?

8                THE DEFENDANT:  Yes, Your Honor.

9                THE COURT:  All right.  Counsel stipulate to a

10    factual basis for the guilty plea as contained within Exhibit

11    A?

12               MR. SEGAL:  May I have a moment, Your Honor?

13               THE COURT:  Yes.

14        (Pause in proceedings.)

15               MR. SEGAL:  Yes, Your Honor.

16               THE COURT:  Mr. Johnson?

17               MR. JOHNSON:  I -- yes, I do stipulate.  That's fine.

18    Sorry.

19               THE COURT:  All right.  Is there any issue?

20               MR. JOHNSON:  I'm just trying to manage Mr. Segal as

21    we get through this.

22        I'll stipulate, yes, Your Honor.

23               THE COURT:  Anything further on that?

24               MR. SEGAL:  He's not my only boss who tells me

25    different things to do.

1          THE COURT:  All right.

2      Mr. Muller, how do you now plead to Count 1 in the

3  indictment charging kidnapping in violation of 18 USC

4  Section 1201, guilty or not guilty?

5          THE DEFENDANT:  Guilty, Your Honor.

6          THE COURT:  It is the finding of this Court in the

7  case of United States versus Matthew D. Muller that the

8  defendant is fully competent and capable of entering an

9  informed plea.

10      And I will say that the defendant appears oriented to time

11  and place and, quite frankly, appears to understand quite

12  clearly what's going on here today.

13      The Court also finds there is a factual basis established

14  for the defendant's plea and that the defendant has made a

15  voluntary, knowing, and intelligent waiver of all his

16  constitutional rights.

17      The plea is therefore accepted and the defendant is now

18  adjudged guilty of that offense.

19      Sir, a written presentence report will be prepared by the

20  probation officer to assist the Court in sentencing.  You will

21  be asked to give information for that report and your attorney

22  may be present if you wish.

23      You and your attorney will be able to read the presentence

24  report before the sentencing hearing.  You and your attorney

25  will be given the opportunity to speak at your sentencing

1    hearing.  If there are any victims of this offense, the victims

2    will also be afforded an opportunity to speak or be heard at

3    the sentencing hearing.

4        The date and time for sentencing is hereby set for

5    January 19, 2017, 9:30 a.m., in this courtroom.

6              MR. JOHNSON:  Your Honor, on the date, this is

7    something I thought about just a moment ago, we communicated

8    with your clerk yesterday and asked for a date and then the

9    date that was selected -- I can't recall the date that she

10   originally gave us and then this morning she said 1/19.

11             THE COURT:  That's correct.

12             MR. JOHNSON:  I'm concerned that 1/19 does not allow

13   us enough time because that's your regular calendar day and I

14   think the sentencing hearing will extend out for a full day.

15   We certainly will be putting on evidence in mitigation.  We may

16   call witnesses.  I know that the victim in the case will have

17   the right to appear and speak to Your Honor.  It just feels

18   like a multi-hour event and I'm not certain that 1/19/17 gives

19   us that opportunity.

20             THE COURT:  Let's do this, I want to keep that date

21   but we can do it in the afternoon rather than do it in the

22   morning because I don't have a civil calendar that afternoon.

23       Correct, madam clerk?

24             THE CLERK:  Yes, Your Honor.  You don't have a civil

25   calendar.

1          THE COURT:  Let's do it in the afternoon.

2          MR. SEGAL:  I should say, Your Honor, there are two

3  victims who we'll be sponsoring to address the Court, both

4  Denise Huskins and Erin Quin.

5          THE COURT:  All right.  We'll do it at 1:30 on the

6  17th.

7          MR. JOHNSON:  19th.

8          THE COURT:  The 19th.  My apologies.

9     Is that understood?

10          MR. SEGAL:  Thank you, Your Honor.

11          MR. JOHNSON:  Yes, Your Honor.  Thank you for

12  calendering that.  I know that we went back and forth with your

13  clerk about how to get on and when we were going to be

14  prepared, so I just wanted to say thank you for the time.

15          THE COURT:  You're welcome.  1/19/2017, 1:30 p.m., in

16  this courtroom, that is the order.

17          MR. SEGAL:  If Your Honor would, the United States'

18  motion to exclude the defense of insanity --

19          THE COURT:  It's hereby denied as moot.

20          MR. SEGAL:  Thank you, Your Honor.

21          THE COURT:  Understood?

22          MR. SEGAL:  Yep.

23          THE COURT:  Thank you very much.

24     The defendant is to remain in the custody of the United

25  States Marshal pending judgment and sentencing.  That is the

1    order.

2              (Proceedings adjourned, 10:49 a.m.)

3                       ---oOo---

4    I certify that the foregoing is a correct transcript from the

5    record of proceedings in the above-entitled matter.

6

7                    /s/ Kimberly M. Bennett
                     KIMBERLY M. BENNETT
8                    CSR No. 8953, RPR, CRR, RMR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25