MATTHEW D. MULLER
1684 Decoto Road #274
Union City, CA 94587
matt@projectjusticeforall.org

*In Pro Per*

FILED
NOV 20 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW MULLER,<br><br>Movant. | No. 2:15-cr-0205-TLN-EFB<br><br>**MOTION FOR EXTENSION OF TIME IN WHICH TO FILE REPLY TO GOVERNMENT'S OPPOSITION** |

COMES NOW the Movant and requests an extension of time in which to respond to the opposition to his motion under 28 U.S.C. § 2255. An extension is needed so that Movant may have a fair opportunity to respond to factual and evidentiary in its opposition. The government failed to file a transcript of the plea hearing with its opposition as the Court had ordered. The government also has not served a copy of the transcript on Movant. The Movant requests at least 21 days to respond from when the transcript becomes available to him via PACER on December 12, 2019. An extension is further required because the Movant is seeking a stipulated protective order from the government that will allow him to file evidence in support of his § 2255 motion without prejudicing his related state proceeding.

### I. PROCEDURAL POSTURE

On April 9, 2018, the Court received the Movant's initial motion under 28 U.S.C. § 2255 (ECF 61) and motion to proceed *in forma pauperis* (ECF 62). On July 18, 2018, the U.S. Magistrate Judge issued his findings and recommendations and granted Mr. Muller's motion to proceed *in forma pauperis*. (ECF 65.)

- 1 -

1  On March 4, 2019, the U.S. District Judge adopted the findings and recommendations, denied the Movant's Motion for Appointment of Counsel (ECF 82), ordered the government to respond to the motion under 28 U.S.C. § 2255, and further ordered the government to file a transcript of the September 29, 2016, change of plea hearing. (ECF 91.)

On July 17, 2019, the Movant filed a motion documenting his family's unsuccessful efforts to find counsel they could afford to represent him in this matter. (ECF 104.) The motion requested an abeyance (*id.*) which was subsequently denied (ECF 118).

On August 15, 2019, the government filed its response to the motion under 28 U.S.C. § 2255 without any transcript of the change of plea hearing, noting that it had ordered a transcript three days before. (ECF 113 at 6 n.1.) On September 11, 2019, an entry was made on the docket stating that the transcript would become available via PACER on December 12, 2019. (ECF 119.)

On October 31, 2019, the Court ordered the Movant to file any reply to the government's opposition to his motion under 28 U.S.C. § 2255 within 21 days of the service of that order. (ECF 120.)

## II. ARGUMENT

On March 4, 2019, the Court ordered the government to obtain and file with its response to the § 2255 motion a transcript of the change of plea hearing. The government elected to wait over 5 months before even placing an order for the transcript — requesting if only three days before filing its response. That did not stop the government from making factual assertions about the plea hearing to which Mr. Muller would have to reply without the transcript. (*See* ECF 113 at 1 ("The defendant's claim that his mental health rendered his plea involuntary is ... plainly incredible given what the defendant told the district court under oath, at the moment of truth, daring the plea proceeding"); *see also id.* at 6, 14-15 (making further factual assertions about the plea hearing).)

The government has not served the plea hearing transcript on Mr. Muller. Exhibit A (declaration of Matthew Muller). Mr. Muller requested and was denied *pro se* filer status on PACER as to this matter. (ECF 71.) He is unable to access the transcript appearing on the docket until the restriction is lifted on December 12, 2019. (*See* ECF 119.)

Rule 5 Governing § 2255 Proceedings states that a movant may file a reply within a time to

be fixed by the court. It was Mr. Muller's understanding that this rule took precedence over the more general Federal Rules of Civil Procedure as to when a reply may be filed. Exhibit A. Accordingly, Mr. Muller had intended to file a reply some time after he gained access to the plea hearing transcript on December 12, 2019. *Id.*

It would be particularly unfit to expect Mr. Muller to respond to the government's assertions about the plea hearing based on his memory alone, when it is Mr. Muller's impaired mental state at the hearing that is at issue. Having deprived Mr. Muller of the opportunity to consult that transcript sooner, the government should not now be heard to complain about Mr. Muller's request for an extension allowing him that opportunity.

### III. CONCLUSION

WHEREFORE, the Court should grant the Movant's request for an extension to February 19, 2019, in which to file any reply to the government's opposition to his § 2255 motion.

Respectfully submitted,

Dated: November 19, 2019          Signed: /s/ Matthew D. Muller
                                  Matthew D. Muller

                                  *In Pro Per*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Respondent,<br><br>v.<br><br>MATTHEW MULLER,<br><br>           Movant. | No. 2:15-cr-0205-TLN-EFB<br><br>**DECLARATION OF MATTHEW MULLER IN SUPPORT OF MOTION TO EXTEND TIME** |

I, Matthew Muller, declare:

1.    I am the movant in this matter and up until now have bean proceeding pro se.

2.    Since my last filing, my parents have continued looking for an attorney they could afford so that I could have representation in this matter.

3.    I have been waiting to research and file a reply to the government's opposition until I would review a copy of the plea hearing transcript they were supposed to file and serve on me. My wife found the transcript posted on the docket but is unable to access if until the restriction is listed.

4.    Under the § 2255 rules, I did not think I was required to file my response to the government's opposition until the court set a time by which I had to do so. I need to respond to claims the government is making about the plea proceedings, and so had planned to file a reply sometime after it become available to me on December 12, 2019.

1  I, Matthew Muller, declare under penalty of perjury that the foregoing is true and correct.
2  Done this nineteenth day of November, 2019, in Fairfield, California.

Signed: /s/ Matthew D. Muller

## CERTIFICATE OF SERVICE

I, Huei Dai, certify that I filed the foregoing documents with the Court via Express Over Night mail. Done this November 19, 2019.

Signed: *[signature]*