MATTHEW D. MULLER
1684 Decoto Road #274
Union City, CA 94587
Phone: (415) 322-0492
Fax: (415) 366-3326
matt@projectjusticeforall.org

*In Pro Per*

FILED

JAN 27 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
             DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent,<br><br>v.<br><br>MATTHEW MULLER,<br><br>　　　　　　Movant. | CASE NO. 2:15-CR-205-TLN-EFB<br><br>**MOVANT'S MOTION TO STRIKE AND REQUEST FOR AUTHENTICATION PURSUANT TO RULE 7 OF THE RULES GOVERNING § 2255 PROCEEDINGS** |

COMES NOW the Movant Matthew Muller and requests that the Court strike a series of unauthenticated writings submitted by the government as "attachments" to its response to the Movant's § 2255 motion. In the alternative, the Movant requests that the government be required to authenticate the attachments as per Rule 7 of the Rules Governing § 2255 Proceedings. This motion is made on grounds that the unauthenticated writings are not evidentiary and accordingly are immaterial, that Rule 7(a) includes an authentication provision that is proper for contested documents, that the attachment also fail to comply with the authentication requirement of Local Rule 142(a)(3), and because it is the Movant's understanding that at least one of the documents may be falsified.

On August 15, 2019, the government filed an opposition (ECF 113) to the Movant's § 2255 motion. The opposition included several attachments. (*See* ECF 113-1 to 113-7.) The government

1  implies in its opposition that these attachments accurately memorialize plea negotiations with the
2  Movant's former counsel. (*See generally* ECF 113.) However, government counsel failed to
3  authenticate the writings and did not offer them as exhibits.

4      The attachments purport to be e-mail correspondence between prosecutors and the
5  Movant's former counsel. The Movant was forced last February to obtain his own client file by
6  means of a state court subpoena. Former counsel represented at that time that he was producing all
7  e-mail correspondence pertaining to the Movant's case. The purported correspondence designated
8  by the government as Attachment 3 and Attachment 4 were nowhere in the paper or electronic
9  document produced.

10     On January 16, 2020, Movant's former counsel responded to inquiries about the
11 government's attachments. He claimed the messages existed, but stated that he could not forward
12 copies for confirmation because the messages had been consumed by computer problems. Ex. A
13 (Movant' declaration). The problems appear to have selectively affected e-mails about plea
14 discussions, because other messages from that time period were left intact.

15     The government's attachments contain information that us flatly false. The Movant did not
16 offer to claim responsibility for three attacks in Palo Alto any more than he did a dozen bank
17 robberies there. Requiring authentication will be of aid in determining whether the government is
18 inventing documents or if former counsel is withholding them.

19     Given the gravity of potential falsification of evidence, the Movant has taken the time to
20 conduct an exhaustive review of the large volume of documents and files former counsel provided.
21 This concluded on January 9, 2020, when the Movant was allowed by his custodian to directly
22 review electronic materials for the first time since May of 2019. *See* Ex. A.

23     Rule 12 of the Rules Governing § 2255 Proceedings allows that the Federal Rules of Civil
24 Procedure may be applied in § 2255 proceedings. Rule 12(f) of the Federal Rules of Civil
25 Procedure provides that a court may strike from a pleading any matter that is immaterial. A party's
26 motion to strike such matter would ordinarily be timely up to the time of any response is due —
27 January 3, 2020 in this case. However, a court may strike material *sua sponte* or may extend the
28 time for motion where untimeliness is due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). As

1  stated, the Movant does not lightly allege potential fraud, and wished first to seek out any other
2  possible explanation for false material. He completed that review at his first opportunity.

3  Matter that is "immaterial" for purposes of Rule 12 is that which "has no essential or
4  important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v.*
5  *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). The government's unauthenticated attachments are
6  not judicially noticeable, not part of the existing record, and are not self-authenticating. They are
7  not evidentiary, and so are not material to the government's various assertions. They should be
8  struck.

9  The movant also submits an objection that the government's attachments do not comply
10 with Local Rule 142(a)(3). He additionally objects to any use of writings memorializing, or
11 purporting to memorialize, plea negotiations.

12 WHEREFORE, the Court should order that the government's unauthenticated attachments
13 to its opposition (ECF 113) be struck, or the government should be ordered to authenticate its
14 attachments.

Respectfully submitted,

Dated: January 20, 2020       Signed: _____
                                      Matthew D. Muller
                                      *In Pro Per*

# Exhibit A

MATTHEW D. MULLER
1684 Decoto Road #274
Union City, CA 94587
Phone: (415) 322-0492
Fax: (415) 366-3326
matt@projectjusticeforall.org

*In Pro Per*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MATTHEW MULLER,<br><br>Movant. | CASE NO. 2:15-CR-205-TLN-EFB<br><br>**MOVANT'S DECLARATION IN SUPPORT OF MOTION TO STRIKE** |

I, Matthew Muller, declare:

1. I am the Movant in this matter. I have reviewed the government's opposition to my § 2255 motion and that opposition's seven attachments.

2. Although my mind was in a poor state during the time I was in custody at the Sacramento County Main Jail, I cannot imagine a circumstance in which I would tell my attorney I was willing to falsely claim I was responsible for three crimes in the Palo Alto area from 2009 and 2012.

3. For that reason, I knew the purported March 2016 e-mail from my attorney suggesting I would do that had to be false in some way. That prompted me to verify the government's attachments against my client file, which I had been forced to subpoena as my attorney refused for over a year to turn over the complete file.

4. The subpoena specifically requested all e-mails, and Thomas Johnson and Kristy Horton both executed declarations swearing they had provided them.

5. Due to past experience with former counsel, I had all electronic media he provided in response to the subpoena transferred from court to a data security firm, where it was forensically copied to maintain a record of the exact state in which it was produced to the state court.

6. I reviewed all physical files provided by former counsel. On January 9, 2020, I had my first opportunity since the government filed its opposition for direct review of the materials provided by former counsel in electronic form. The state court appointed an investigator for me on December 27, 2019, so that I would be able to view digital evidence in a way that complied with my custodian's policies.

7. My review showed no record of the documents designated as Attachment 3 and Attachment 4 by the government.

8. On January 16, 2020, my former counsel replied to my inquiries about the attachments to the government's opposition. Former counsel replied that the messages and attached the letters were real, but that he could not forward me the original messages because they had been lost due to computer problems. But other messages from the same time were not lost.

I, Matthew Muller, declare under penalty of perjury that the foregoing is true and correct. Done this twentieth day of January, 2020, in Fairfield, California.

Signed: _____
Matthew Muller
*In Pro Per*