1  MATTHEW D. MULLER
   1684 Decoto Road #274
2  Union City, CA 94587
3  Phone: (415) 322-0492
   Fax: (415) 366-3326
4  matt@projectjusticeforall.org

5  *In Pro Per*

**FILED**

MAY 0 ᠄ 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
            DEPUTY CLERK

6

7

8

9                UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,            No. 2:15-cr-205-TLN-EFB

13          Respondent,

14      v.                               **MOTION FOR LEAVE TO AMEND**

15  MATTHEW MULLER,

16          Movant.

17

18

19      COMES NOW the Movant Matthew Muller and moves to for leave to amend his motion

20  under 28 U.S.C. § 2255. The instant motion supersedes the Movant's pending motion for leave to

21  amend (DE 131), which is hereby withdrawn. This motion is brought at least 21 days before the

22  deadline set for the government to respond to the prior motion. (*See* DE 141: L. R. 230(*l*).) The

23  government was notified on April 19, 2020, of the Movant's intent to file this superseding motion.

24      The amended motion withdraws the ineffective assistance of counsel claim as if it had never

25  been brought, and specifies that it is never reserved for appeal. The new motion sets forth facts

26  concerning extensive fraud that the government has successfully concealed until now. It retains

27  the Movant's mental health and competency, and describes how the Movant was especially

28  vulnerable to the government fraud.

MOTION FOR LEAVE TO AMEND                    - 1 -                    *United States v. Muller*

1  **I.  INTRODUCTION**

2  On April 8, 2020, the Movant made the first of several discoveries that notified him of

3  extensive fraud in the investigation and prosecution of this matter.  The fraud is of such subtlety

4  and sophistication that it deceived even the Movant.  The government's case included evidence and

5  allegations the Movant did not understand and could not remember.  The Movant had believed this

6  was a matter of mental illness, as he had suffered previous break with reality, was at a psychiatric

7  hospital when he learned of the charges, and was in poor health after.  However, it was federal

8  authorities and not the Movant's mind that had altered reality.  Federal agents convincingly faked

9  not just physical evidence such as duct tape-covered goggles; not just trace evidence such as blonde

10  hairs stuck to those goggles and in other key places; and not just evidence photographs such as one

11  showing a pistol that was nowhere in the original image.  The fraud the Movant will prove includes

12  actual *video* evidence that authorities painstakingly created—all to quickly obtain a conviction and

13  ensure embarrassing information did not come to light.

14  As set forth in the amended motion:

15  On June 29, 2015, federal authorities filed a complaint with this Court
attesting to six different ways the Movant was implicated in a high-profile

16  kidnapping.  Each and every one of their claims was a fraud.

17  Using false evidence, forgery, and Photoshop, this District's authorities

18  obtained the quick conviction they needed to avoid a mire of controversy.  That
controversy involved conflicts of interest that nearly caused the U.S. Attorney's

19  Office to prosecute crime victims — an embarrassment for all agencies involved.
The facts underlying the conflicts touch on private matters.  They are discussed

20  only as needed to show why authorities would stage so sophisticated a fraud.

21  ***

22  Prosecutors were aware of the fraud.  They required the defense to sign a
restrictive discovery agreement that enabled them to claw back all records of the

23  faked evidence as soon as it had served its purpose.  If not for his access to FBI

24  evidence during a state case, the Movant never would have discovered the fraud.
***

25  The Movant's mental illness left him especially vulnerable to the FBI's
revision of reality.  In poor health both before and after his arrest, he believed his

26  own mind to blame for what he could not understand.  His plea was in any
event invalid due to psychiatric issues.  They were compounded by over a year of

27  isolation in what a successful class action called "a concrete sensory deprivation

28

1

chamber."

2

3

4

The government needed a conviction before this case became more of an embarrassment than it already was. The Movant was their best prospect. His conviction is a product of fraud, concealed evidence and mental illness. It cannot stand.

5

6

## II.    LEGAL STANDARD

7

8

9

10

11

12

13

14

Rule 12 of the Rules Governing § 2255 Proceedings provides that the Federal Rules of Civil Procedure may be applied in § 2255 proceedings. Rule 15 of the Federal Rules of Civil Procedure provides for the amendment of pleadings, leave for which is to be "freely give[n]... when justice so requires." Fed. R. Civ. P. 15(a)(2). Pleadings may be amended even up to and during the course of a trial, at which time "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1). Justice requires leave to amend in view of the circumstances discussed below.

15

16

17

18

19

20

21

A new claim relates back to an original pleading where it arises "out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In addition, a claim under 28 U.S.C. § 2255 is not time-barred until one year after the date an unlawful impediment to making the claim is removed, or one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). The Movant's proposed amended pleading meets all three of these standards.

22

23

24

25

## III.    THE PROPOSED AMENDMENTS DO NOT CHANGE THE MOVANT'S CLAIM, BUT RATHER ONLY PROVIDE ADDITIONAL FACTUAL SUPPORT FOR THAT CLAIM

26

27

28

The Movant's essential claims remains unchanged: his plea and plea argument failed to meet the constitutional requirement that they be knowing, intelligent and voluntary. The two circumstances giving rise to this defect are also the same as previously claimed: the plea was

1   rendered invalid by the Movant's poor mental health and by unlawful government conduct. The
2   government has no doubt held out hope that the appalling extent of its misconduct would never
3   come to light. Likely it still has not. But prosecutors can hardly be unaware of that misconduct or
4   the invalidity of the plea it was used to extract. The closest thing to suprise the government will
5   suffer if the amendment is allowed is chagrin that their elaborate and painstaking fraud did not hold
6   long enough.

7   **IV.    TO THE EXTENT THE PROPOSED AMENDMENTS ARE CONSTRUED AS
8          NEW CLAIMS, THEY RELATE BACK TO THE OPERATIVE PLEADING, ARE
           BROUGHT WITHIN ONE YEAR OF WHEN THE UNDERLYING FACTS COULD
9          BE DISCOVERED THROUGH DUE DILIGENCE, AND/OR ARE MADE WITHIN
           ONE YEAR OF THE IMPEDIMENT OF UNLAWFUL GOVERNMENT
10         CONDUCT BEING REMOVED**

11

12          As described in the proposed Second Amended Motion, the fraud perpetrated by federal
13   authorities are cunning and subtle. FBI agents went as far as to reenact searches using previously
14   seized items as props in order to retroactively plant inculpatory evidence. They effectively traveled
15   back in time to a moment when it would seem impossible for officers executing a search warrant
16   to plant evidence, because they would not then have known what to plant. The government also
17   travelled into the future. They bootstrapped their illegal case by telling this Court they had evidence
18   they did not yet have, and then used the warrant this yielded to enter a home and create that
19   evidence.

20          Simply put, the Movant could not conceive of fraud of this magnitude by sworn agents and
21   attorneys of the U.S. government. Given his mental health history, and specifically that he was
22   suffering a manic episode during the time in question, the Movant found it most likely that he could
23   not accurately remember or understand what the government claimed to be true.

24          Even with his mental facilities intact, it was unlikely the Movant could penetrate the
25   government's sophisticated fraud. The combination of old illegal tactics, such as evidence planting
26   and forgery, with new ones, such as digital image and even video alterations, created a nearly
27   seamless fraudulent case. It was effectively impossible for the Movant to perceive the deception

28

1   without tools as sophisticated as those that created.  Through extraordinary effort and expense, he
2   was eventually able to detect forgeries and digital manipulation of photographic and documentary
3   evidence.  The latter discoveries were only possible through happenstance.  The Movant is housed
4   at a facility that uses "video visits," he obtained an exception to rules that would usually disallow
5   him from using the system to work on a computer via his spouse, and the recent public health
6   emergency changed facility policy to allow an additional four hours of video visits per week.
7   Absent serendipity, the Movant could not have uncovered the government's fraud.

8          As stated above, the proposed amendments work no change on the Movant's essential
9   claim, nor the two prongs of its basis.  The mental health prong is unchanged, except that it now
10  also explains why the government's fraud was so devastatingly effective.  Having suffered previous
11  breaks with reality, the Movant was accustomed to the prospect that his memory, beliefs and
12  perceptions were unreliable and at times beyond any attempt to understand them.  He believed this
13  was another such time.

14         As to the unlawful government conduct, the operative pleading already catalogs numerous
15  illegalities in the investigation, including many that are now more fully explained by the added
16  factual material.  Most importantly, the pleading set forth the FBI conflict of interest that appears
17  to be at the root of extensive fraud by federal authorities.  The new factual material relates back to
18  this circumstance.

19         In any event, even simple due diligence would not have uncovered the fraud.  It was possible
20  only by luck and extraordinary diligence and expenditure of time and resources by the Movant's
21  family.  And it was discovered in spite of the government's active and premeditated steps to prevent
22  that discovery.  Government counsel refused to provide discovery during trial-level proceedings
23  until defense counsel agreed that he would destroy or return all material after sentencing.
24  Conscious of extensive fabrication and alteration of everything from photographs to interview
25  transcripts, government counsel sought to minimize the risk the Movant could ever discover it.
26  Absent discovery obtained in his state prosecution, the Movant would have had no choice of
27  detecting the fraud.

28

1         The Movant now also had little doubt that the prosecution team precipitated his detention,

2    rape and beating in prison, though presumably they sought no more than detention. One week after

3    the Movant's §2255 motion arrived at the court, he was informed that "higher up" prison officials

4    had ordered that the postconviction relief class the Movant was teaching to inmates be cancelled.

5    A week after that, the Movant was cuffed behind his back and removed from the general population

6    to a restrictive housing area. There, he was denied access to his legal materials and the law library

7    for two months. When his family attempted to send him materials for his case, the Movant was told

8    there was a new policy and the materials would be held until he was released to the general

9    population. The Movant was refused access to an attorney until she took steps to sue. And the

10    Movant was raped and severely beaten by two dangerous inmates an official housed him with to

11    "teach you a lesson."

12         The Movant learned that the above steps were taken soon after the government was in touch

13    with prison officials. The effects of what done to the Movant were debilitating. The Movant suffers

14    from diagnosed post-traumatic stress disorder as a result of what happened. The most acute

15    symptoms have abated, but two years after the effects persist. And the Movant now understands

16    why the motion he filed two years ago was such a threat that the government would do what it has

17    done. The acts have hindered and delayed the Movant's ability to discover the factual material. So,

18    too, did the original illegal acts that painstakingly concealed the government's fraud from detection.

19         The Movant now respectfully requests the opportunity to prove that fraud is an evidentiary

20    hearing.

21                                            **CONCLUSION**

22         WHEREFORE, the Court should grant leave to amend.

23

24         Respectfully submitted,

25

26    Dated: May 6, 2020               Signed: _____

                                         Matthew D. Muller

27                                             *In Pro Per*

28

# Attachment 1

## Proposed Second Amended Motion
## To Vacate, Correct Or Set Aside Sentence

AO 243 (Rev. 09/17)

**FIRST AMENDED**
**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District | Eastern District of California | |
|---|---|---|---|
| Name *(under which you were convicted):* | | | Docket or Case No.: |
| Matthew D. Muller | | | 2:15-CR-00205-TLN-EFB |
| Place of Confinement: | | Prisoner No.: | |
| USP Tucson, P.O. Box 24550, Tucson, AZ 85734 | | 72875-097 | |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* | |
| V. | | Matthew D. Muller | |

**MOTION**

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    United States District Court for the Eastern District of California
    Robert T. Matsui U.S. Courthouse
    501 I Street, Room 4-200
    Sacrament, CA 95814

    (b) Criminal docket or case number (if you know): 2:15-CR-00205-TLN-EFB

2.  (a) Date of the judgment of conviction (if you know): Sept. 29, 2016

    (b) Date of sentencing: March 16, 2017

3.  Length of sentence: 480 months imprisonment, 60 months supervised release

4.  Nature of crime (all counts):

    Count 1: Kidnapping, in violation of 18 U.S.C. § 1201 (a) (1)

5.  (a) What was your plea? (Check one)

    (1) Not guilty ☐          (2) Guilty ✔          (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
    what did you plead guilty to and what did you plead not guilty to?

    No other count in indictment.

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐          No ✔

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?       Yes ☐          No ☑

9.  If you did appeal, answer the following:
    (a) Name of court: No appeal.
    (b) Docket or case number (if you know):
    (c) Result:
    (d) Date of result (if you know):
    (e) Citation to the case (if you know):
    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?       Yes ☐          No ☑
        If "Yes," answer the following:
        (1) Docket or case number (if you know):
        (2) Result:

        (3) Date of result (if you know):
        (4) Citation to the case (if you know):
        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
        Yes ☐          No ☑  No filing other than original §2255 filed March 30, 2018.

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

AO 243 (Rev. 09/17)

    (4)  Nature of the proceeding:

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐     No ☐

    (7)  Result:

    (8)  Date of result (if you know):

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court:

    (2)  Docket of case number (if you know):

    (3)  Date of filing (if you know):

    (4)  Nature of the proceeding:

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐     No ☐

    (7)  Result:

    (8)  Date of result (if you know):

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:     Yes ☐     No ☐

    (2)  Second petition:   Yes ☐     No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Please see concurrently filed First Amended Supplement to Motion to Vacate, Set Aside or Correct Sentence, which is hereby incorporated by reference.

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    **(b) Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

        (2) If you did not raise this issue in your direct appeal, explain why:

    **(c) Post-Conviction Proceedings:**

        (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☐

        (2) If you answer to Question (c)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

AO 243 (Rev. 09/17)

    (4)  Did you appeal from the denial of your motion, petition, or application?

          Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

          Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Please see concurrently filed First Amended Supplement to Motion to Vacate, Set Aside or Correct Sentence.

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground Two:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            Yes ☐     No ☐

AO 243 (Rev. 09/17)

    (2)  If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** Please see concurrently filed First Amended Supplement to Motion to Vacate, Set Aside or Correct Sentence.

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground Three:**

       (1)  If you appealed from the judgment of conviction, did you raise this issue?

          Yes ☐     No ☐

       (2)  If you did not raise this issue in your direct appeal, explain why:

    (c) **Post-Conviction Proceedings:**

       (1)  Did you raise this issue in any post-conviction motion, petition, or application?

          Yes ☐     No ☐

       (2)  If you answer to Question (c)(1) is "Yes," state:

       Type of motion or petition:

       Name and location of the court where the motion or petition was filed:

       Docket or case number (if you know):

       Date of the court's decision:

       Result (attach a copy of the court's opinion or order, if available):

       (3)  Did you receive a hearing on your motion, petition, or application?

          Yes ☐     No ☐

       (4)  Did you appeal from the denial of your motion, petition, or application?

          Yes ☐     No ☐

       (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

          Yes ☐     No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Please see concurrently filed First Amended Supplement to Motion to Vacate, Set Aside or Correct Sentence.

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐     No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐     No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All grounds relied upon in this motion are raised for the first time on collateral review. The grounds presented herein were not raised earlier due to ineffective assistance of counsel, due to the Movant's severe mental health disability, due to concealment of circumstances giving rise to the grounds from Movant and for other reasons to be discussed further in a memorandum of law and/or in response to any claims of waiver, procedural or noncognizability raised in response to this motion.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

Preliminary hearing not held.

(b) At the arraignment and plea:

Thomas A. Johnson and Kristy M. Horton. 400 Capitol Mall, Suite 2560, Sacramento, CA 95814.

(c) At the trial:

No trial.

(d) At sentencing:

Thomas A. Johnson and Kristy M. Horton, see address above.

(e) On appeal:

No appeal.

(f) In any post-conviction proceeding:

No other post-conviction proceeding.

(g) On appeal from any ruling against you in a post-conviction proceeding:

No appeal.

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

I do not have a future sentence to serve after my federal sentence. However, I do have an 11-year concurrent sentence from the Superior Court of California for the County of Alameda.

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The original motion to which this relates back was timely filed under the "prison mailbox rule" set forth in Huston v.
Lack, 487 U.S. 266 (1988) (holding that the petition of a pro se personnel is timely filed on the day it is submitted to
prison official for mailing).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run
   from the latest of –
      (1)   the date on which the judgment of conviction became final;
      (2)   the date on which the impediment to making a motion created by governmental action in violation of
      the Constitution or laws of the United States is removed, if the movant was prevented from making such a
      motion by such governmental action;
      (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
      been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
      review; or
      (4)   the date on which the facts supporting the claim or claims presented could have been discovered
      through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Vacate the conviction and sentence, and set aside Movant's plea of guilty in this matter.

or any other relief to which movant may be entitled.

None

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on                                      (originally)

I further declare that the attached First Amended Supplement to Motion          (month, date, year)
to Vacate, Set Aside or Correct Sentence and supporting documentation
were submitted concurrently with this motion.

Executed (signed) on          05/04/2020                    (date)

Signature of Movant
Matthew Muller
Pro Se

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.